**Nick Fred PAVLOFF, Plaintiff,**

v.

**LOCAL BOARD NUMBER 57, SAN MATEO COUNTY et al., Defendants.**

**Civ. No. 47407.**

United States District Court
N. D. California.

Aug. 3, 1967.

———◆———

Patrick S. Hallinan, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER DENYING INJUNCTIVE RELIEF AND DISMISSING ACTION

BURKE, District Judge.

Plaintiff filed a Complaint for Declaratory Judgment, Mandamus, Injunction and Temporary Restraining Order as well as a Memorandum of Points and Authorities on July 11, 1967. On the same date, the Court issued an Order to Show Cause setting a hearing on plaintiff's application for injunctive relief for July 20, 1967 and restraining defendants from inducting plaintiff into the armed forces pending the hearing.

The above-described pleadings were served on the office of the United States Attorney on July 19, 1967. Plaintiff filed a Supplemental Memorandum of Points and Authorities on the latter date.

Plaintiff prayed that the Court enter an order restraining defendants from inducting plaintiff into the armed forces on July 12, 1967, that the Court order that plaintiff be allowed to file a form 150 which should be treated by plaintiff's local board as if filed before December 17, 1966, that plaintiff be allowed to exercise all appropriate rights in asserting his claim of conscientious objection, that the Court order defendants to rescind their order directing plaintiff to report for induction, and that the Court enjoin defendants from referring plaintiff to the United States Attorney for prosecution.

The basis for plaintiff's prayer for relief was his allegation that his constitutional rights under the First and Fifth Amendments were violated by the defendants' failure to advise him of his right to an attorney, and of the availability of an appeals agent at the time he received a classification of 1–A or at any time prior to December 27, 1966, the date he was ordered to report for induction.

On July 20, 1967 the defendants filed an Answer in opposition to plaintiff's motion for preliminary injunction, wherein defendants alleged that the Court lacked jurisdiction over the subject matter of the complaint in light of the provisions of Paragraph (8) (c) of the Act of June 30, 1967, Public Law 90–40, amending Section 10(b) (3) of the Universal Military Training and Service Act (50 App. U.S.C. § 460(b) (3)).

Plaintiff appeared in person at the hearing on July 20, 1967 and was represented by his attorney, Patrick Sarsfield Hallinan, Esq. Cecil F. Poole, United States Attorney for the Northern District of California, by Jerry K. Cimmet, Assistant United States Attorney, appeared on behalf of the defendants.

Plaintiff's attorney requested additional time to respond to the jurisdictional issues raised by defendants and accordingly the hearing and temporary

restraining order were continued by stipulation and with the Court's approval to August 1, 1967.

Plaintiff filed a Memorandum of Points and Authorities in Response to Answer on July 28, 1967.

The matter was fully argued and submitted to the Court on August 1, 1967, at which time the Court determined that it lacked jurisdiction over the subject matter of the complaint in this civil proceeding on the ground that Paragraph (8) (c) of the above-cited Act of June 30, 1967 precludes judicial review of classification or processing of any registrant by local boards except as a defense to criminal prosecution.

Accordingly,

It is hereby ordered that:

1. Plaintiff's application for injunctive relief be and hereby is denied;

2. The complaint and action be and hereby are dismissed in their entirety.

3. By stipulation of counsel for defendants, the temporary restraining order shall remain in effect until 5:00 p.m., August 8, 1967 at which time it shall be vacated in its entirety without further order of this Court.