James J. OESTEREICH, Plaintiff,

v.

**SELECTIVE SERVICE SYSTEM LOCAL BOARD NO. 11, CHEYENNE, WYOMING, Selective Service Appeal Board for the State of Wyoming, Col. Jack P. Brubaker, Wyoming Selective Service Director, Defendants.**

Civ. No. 5194.

United States District Court
D. Wyoming.

Feb. 6, 1968.

John A. King and Melvin L. Wulf, New York City, for plaintiff.

Robert N. Chaffin, U. S. Atty. for the District of Wyoming, and LeRoy Amen, Asst. U. S. Atty. for the District of Wyoming, for defendant.

## ORDER SETTING ASIDE PRIOR ORDERS AND DISMISSING PLAINTIFF'S ACTION.

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court on January 22, 1968, plaintiff appearing by and through his counsel, John A. King and Melvin L. Wulf, and defendants appearing by and through Robert N. Chaffin, United States Attorney for the District of Wyoming, and LeRoy Amen, Assistant United States Attorney for the District of Wyoming, and the Court having heard the oral arguments of counsel for plaintiff and of counsel for defendants, and having carefully examined the record on file herein, including the pleadings and the affidavits of plaintiff and his counsel, and having examined the brief submitted by plaintiff's counsel and having studied the authorities relied upon by plaintiff's counsel and by counsel for defendants, and being fully advised in the premises, finds:

1. The prior Orders made and entered herein on January 22 and 23, 1968, are inconclusive and non-determinative of the issues raised by the pleadings and fail properly to adjudicate the rights of the parties herein, and should be set aside.

2. Plaintiff's pleading filed herein on January 19, 1968, contains no caption to identify his action. For the purposes of the hearing thereon and of this Order, said pleading is treated as a complaint and a motion for a temporary restraining order.

3. Plaintiff's jurisdictional allegations are mere conclusions unsupported by factual allegations in the complaint and his assertions of federal jurisdiction are unsubstantial, frivolous and without merit. His complaint fails to satisfy the jurisdictional requirements of 28 U.S.C. §§ 1331, 1343, and 2201 in the following particulars:

a. Plaintiff's action does not arise under the Constitution, laws or treaties of the United States. His complaint contains no allegations of facts that defendants subjected him to unreasonable, arbitrary or invidious discrimination, or that he was deprived of his constitutional rights under the First, Fifth, and Sixth Amendments of the Constitution of the United States. Federal jurisdiction is not conferred by the mere assertion of constitutional rights unsupported by factual allegations.

b. Plaintiff's allegation that the matter in controversy exceeds the value of $10,000.00 exclusive of interest and costs is made only for the purpose of invoking the jurisdiction of this court. Plaintiff seeks no monetary damages and does not allege facts which are determinative of the value

of the rights sought to be gained by his action. His complaint and argument are concerned with intellectual freedom rather than with economic loss. The failure of jurisdiction of this court under 28 U.S.C. § 1331 appears on the face of the complaint for its failure to allege facts showing that the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest and costs, or to show facts from which such jurisdictional requirement may be inferred.

■ c. Sub-sections (1) and (2) of 28 U.S.C. § 1343 are inapplicable to confer jurisdiction on this court for the reason that plaintiff does not seek to recover damages. Sub-section (3) of 28 U.S.C. § 1343 is likewise inapplicable as no state statute, law, ordinance, regulation, custom or usage is involved in this action. Sub-section (4) of 28 U.S.C. § 1343 confers jurisdiction only where an Act of Congress providing for the protection of civil rights is involved and no such Act of Congress is relied upon by plaintiff. Hence 28 U.S.C. § 1343 does not support the jurisdiction of this court over plaintiff's action.

■ d. 28 U.S.C. § 2201 does not establish a new basis for jurisdiction of federal courts, but provides a new remedy merely. It requires diversity of citizenship and the statutory jurisdictional amount in controversy to confer jurisdiction on this court. Plaintiff and defendant Col. Jack P. Brubaker are citizens of the State of Wyoming. Plaintiff alleges no monetary damages and asserts no value on the rights he seeks to protect by this action. This Court, therefore, lacks jurisdiction under 28 U.S.C. § 2201 for plaintiff's failure to satisfy the requirements of diversity of citizenship and jurisdictional sum or value in controversy.

■■ 4. This Court has no jurisdiction to grant judicial review of the classification or processing of the plaintiff by the local board, the appeal board, or the President. Plaintiff does not challenge his classification as a defense to a criminal prosecution, and he has not responded either affirmatively or negatively to the order of December 27, 1967, to report for induction. The statutory conditions of Public Law 90–40 approved June 30, 1967, 81 Stat. 100, Section 8(c), 50 App.U.S.C. Section 460 as amended, are not satisfied. Congress may grant or withhold judicial review of administrative action except when required by the Constitution. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 267 (1946).

5. Plaintiff fails to allege that there is no basis in fact for the 1–A classification assigned to him. Neither does he allege that defendants acted in an arbitrary or capricious manner in re-classifying him, nor that defendants discriminated against him by such re-classification.

■ 6. Defendants are arms of the Executive branch of the United States Government, and their performance of their duties imposed upon them by the Universal Military Training and Selective Service Act is not subject to the supervision of or direction by the Judicial Department. This Court has no jurisdiction to encroach upon the discretion vested in defendants in the performance of their responsibilities under the Act. To assume jurisdiction over plaintiff's action would violate the fundamental constitutional precept of separation of powers of the Executive and Judicial Departments of the United States.

7. Plaintiff knowingly violated the law and the regulation requiring him to have his registration certificate in his possession at all times.

■ 8. The exempt status claimed by plaintiff and the classification assigned to him are matters of legislative and executive grace. Exemptions and classifications are a privilege, not an inalienable right conferred by the constitution or statute. Absent positive allegations of arbitrary or capricious acts, defendants have the right and duty to

exercise their informed discretion and classify plaintiff without interference by the judiciary.

■ 9. Plaintiff's allegations that the declaration of delinquency, the reclassification, and the order of induction are punitive in nature, imposed as a penalty, are unsubstantiated conclusions of fact; they are merely illusory conclusions and opinions based on conjecture. The administrative action taken by defendants does not constitute penal action as it does not subject plaintiff to criminal punishment.

■ 10. Section 2282 of 28 U.S.C. providing for a court of three judges is not applicable unless questions are raised in the complaint as to the constitutional validity of an Act of Congress. It does not apply to administrative orders or action. It confines its requirement for a court of three judges to cases where an Act of Congress is attacked upon the ground that such Act or any part thereof is repugnant to the Constitution of the United States. Plaintiff's action does not attack any Act of Congress on constitutional grounds and raises no substantial question of constitutional validity of the Universal Military Training and Selective Service Act. Plaintiff's action challenges the validity of the administrative action with regard to his individual induction status; his prayer only, challenges the validity of the regulations under the Universal Military Training and Selective Service Act. Plaintiff's action raises no substantial question of constitutional validity as to the Act itself. Plaintiff's complaint, therefore, is not within 28 U.S.C. § 2282 providing for the convocation of a three-judge District Court. William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1939); Sardino v. Federal Reserve Bank of New York, et al., 2 Cir., 361 F.2d 106 (1966).

Now, therefore, it is ordered that the Order of this Court made and entered herein on January 22, 1968, denying temporary restraining order and dismissing complaint, and the Order Nunc Pro Tunc made and entered herein on January 23, 1968, dismissing the complaint of the plaintiff, be, and the same are hereby, set aside.

It is further ordered that plaintiff's motion for temporary restraining order and plaintiff's complaint, together with the cause, be, and the same are hereby, dismissed for the reasons stated herein, the parties to pay their own costs.