**John P. KIMBALL et al., Plaintiffs,**

v.

**SELECTIVE SERVICE LOCAL BOARD NO. 15, NEW YORK, NEW YORK, et al., Defendants.**

**67 Civ. 4733.**

United States District Court
S. D. New York.
April 23, 1968.

Alan H. Levine, Amer. Civil Liberties Union, New York City, of counsel, for plaintiff John Mullen.

Robert M. Morgenthau, U. S. Atty., Laurence W. Schilling, Asst. U. S. Atty., of counsel, for defendants.

## OPINION

TENNEY, District Judge.

This motion seeks a preliminary injunction restraining defendant Selective Service Board from inducting plaintiff John A. Mullen into the United States Army.

The facts are essentially as follows:

Mullen is a full-time student at Northeastern University in Boston, Massachusetts. Until about March 18, 1968, he had a Selective Service classification II–S as a student. On November 16, 1967, Mullen had turned in his Registration Certificate which classified him as II–S to his Local Board as a means of expressing his opposition to the United States policy in Vietnam.

Shortly thereafter, his Local Board mailed him a notice of delinquency and a new classification card declaring him I–A. After an appeal he received a notice to report for induction on April 23, 1968.

This action is brought on behalf of Mullen and others to declare these and similar actions of local Selective Service boards to be unconstitutional. The instant motion before this Court seeks preliminary relief against the induction of Mullen pending full determination of the issues of fact and law in this case.

The amended complaint alleges that the matter in controversy exceeds the

value of $10,000 exclusive of interest and costs, and the Government does not contest this contention.

Section 10(b) (3) of the Selective Service Act, as° amended, 50 App.U.S. Code § 460(b) (3) provides in pertinent part:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title * * * after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President, only when there is no basis in fact for the classification assigned to such registrant.

The statute has been uniformly interpreted to require dismissal for lack of jurisdiction of pre-induction actions similar to the one at bar. Oestereich v. Selective Service System, Local Board No. 11, 390 F.2d 100, Feb. 21, 1968, pending on petition for certiorari, No. 1246; Breen v. Selective Service Board, 284 F. Supp. 749 (D.Conn. April 2, 1968); Moskowitz v. Kindt, 273 F.Supp. 646 (E.D. Pa.1967).

However, it is important to note the candid language of Solicitor General Griswold in his brief filed in Oestereich,[1] supra, wherein it is stated:

> "In this case, petitioner's exemption from military service and training is one which has been granted to him by Act of Congress. Section 456(g) specifically provides that—

> students preparing for the ministry under the direction of recognized churches or religious organizations, who are satisfactorily pursuing full-time courses of instruction in recog-

nized theological or divinity schools * * * shall be exempt from training and service (but not from registration) under this title.

Petitioner is a full-time student in good standing at the Andover Newton Theological School, which is a 'recognized theological or divinity school.' Thus, he is exempt by the terms of the statute from 'training and service' under the Selective Service Act. What Selective Service System Local Board No. 11 has done here is to terminate, by administrative action, the exemption which has been granted by statute. *If that action was contrary to the express terms of the Act of Congress granting the exemption, this is obviously relevant in considering the application of the procedural provision on which the government has relied in this case.*

This issue does not necessarily involve the constitutional validity of the provision of Public Law 90–40 relied on by the courts below. That statute forbids 'judicial review * * * of the classification or processing of any registrant by local boards,' except in defense to a criminal prosecution. It is possible to construe this language as applicable to the generality of situations where the local board has applied its judgment, *but to exclude purported action of a board which is in fact contrary to an exemption which has been expressly granted by statute.* Such a construction is not only possible here, but it is desirable in order to avoid conflict with the congressional determination to grant exemption to ministers and ministerial students. In this situation it may be observed that *there is room for an appropriate distinction between an order which is contrary to the terms of a statute and an order which is subject to challenge only on the ground that the board has misapplied or abused its authority in making its judgment.* Cf. Harmon v.

determination of the petition for certiorari.

Brucker, 355 U.S. 579, 581–582, [78 S.Ct. 433, 2 L.Ed.2d 503;] Leedom v. Kyne, 358 U.S. 184, 188, [79 S.Ct. 180, 3 L.Ed.2d 210.]

Of course, *the question of the board's power to disregard the statute could be raised in defense to a criminal prosecution, or in a habeas corpus proceeding after induction. This, however, is a very heavy burden to put on the citizen if the board has in fact acted contrary to the terms of the statute*—which is the situation here, as we read the Act of Congress relating to the exemption of divinity students, and the other statutes involved." Memorandum for respondents at 11–13. (Emphasis added.)

Solicitor General Griswold then suggested that the Oestereich judgment below be reversed,[2] and, if the requisite jurisdictional amount be found, a decree entered in Oestereich's favor. Id. at 13.

Section 456(h) provides in pertinent part:

"Except as otherwise provided in this paragraph, the President shall, under such rules and regulations as he may prescribe, provide for the deferment from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning and who request such deferment. *A deferment granted to any person under authority of the preceding sentence shall continue until such person completes the requirements for his baccalaureate degree, fails to pursue satisfactorily a full-time course of in-struction, or attains the twenty-fourth anniversary of the date of his birth, whichever first occurs.* Student deferments provided for under this paragraph may be substantially restricted or terminated by the President only upon a finding by him that the needs of the Armed Forces require such action." (Emphasis added.)[3]

It is submitted that the distinction attempted to be drawn by the Government between an "exemption" under § 456(g) and a "deferment" under § 456(h) is one without legal significance. Both sections are provided for by Acts of Congress; both promulgate precise rules for the Selective Service Boards to follow; and neither allows for judgment or discretion by such boards in carrying out the Congressional Mandate.

It is the opinion of this Court that Solicitor General Griswold's reasoning is applicable in the case at bar, that the issues are of a very substantial nature, and that plaintiff Mullen will suffer irreparable harm if his immediate induction is not enjoined. It should be noted that the decision herein specifically does not pass upon Mullen's contention that his action was in the nature of protected free speech as in Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967).

Accordingly, the motion now before the Court is granted, and the induction of John A. Mullen is enjoined pending full determination of the issues of fact and law presented in this case.

The foregoing represents the Court's findings of fact and conclusions of law.

It is so ordered.

---

2. Pg. 5. The lower courts had dismissed petitioner Oestereich's complaint which sought to restrain his induction into the United States Armed Forces.

3. Pg. 5. The legislative history does not clearly set out the purpose of the last-cited sentence of § 456(h). See 1967 U.S.Code Cong. & Ad.News, p. 1359. It would appear that the type of action taken in the case at bar in reclassifying Mullen would not come within the powers of the President granted under this section to restrict or terminate the student deferment.