Elliot S. LINZER, Mark R. Schneider, Charles P. Silverman, Yves Barbero, John A. Brush and Larry Cohen, Plaintiffs,

v.

SELECTIVE SERVICE LOCAL BOARD NO. 64, JAMAICA, NEW YORK; Selective Service Local Board No. 3, Great Neck, New York; Selective Service Local Board No. 65, Flushing, New York; Selective Service Local Board No. 32, Brooklyn, New York; Selective Service Local Board No. 2, Bay Shore, New York; Selective Service Local Board No. 4, Freeport, L. I., New York; Colonel Paul Akst, Director of the New York City Headquarters Selective Service System; and Colonel William H. Boughton, Director of the New York State Headquarters Selective Service System, Defendants.

No. 68–C–110.

United States District Court
E. D. New York.
April 29, 1968.

Alan H. Levine, Melvin Wulf, Eleanor Norton, Robert Layton, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty. for the Eastern District of New York, for defendants; Cyril Hyman, Asst. U. S. Atty., of counsel.

## MEMORANDUM

ZAVATT, Chief Judge.

■ Plaintiffs are registered with their respective local draft boards pursuant to the Universal Military Training and Service Act, 50 App. U.S.C. § 463. They were classified by their respective boards as follows:

| | |
|---|---|
| Linzer | I-Y<br>(not currently qualified for service under applicable physical, mental and moral standards, 32 CFR § 1622.-17). |
| Schneider | II-S<br>(student, 32 CFR § 1622.25). |
| Cohen | II-S<br>(student, 32 CFR § 1622.25). |
| Silverman | III-A<br>(registrant with a child or a hardship to dependents, 32 CFR § 1622.30). |
| Barbero | IV-A<br>(completed military service or is a sole surviving son, 32 CFR § 1622.40). |
| Brush | V-A<br>(over military age, 32 CFR § 1622.50). |

The complaint alleges that each plaintiff was properly so classified by his local draft board, pursuant to the provisions of the said Act, as amended, and regulations promulgated thereunder. For the purposes of the defendants' motion to dismiss the complaint, the several allegations of fact in the complaint are deemed to be true and the court also assumes that the plaintiffs were so clas-

sified under the Act as most recently amended in 1967 and pursuant to the regulations issued thereunder.

After the plaintiffs had been so classified each of them returned to the "Government of the United States" either his Registration Certificate (SSS Form 2) or his Notice of Classification (SSS Form 110) or both. The complaint alleges that these cards were returned "for the sole purpose of expressing their dissent from the participation by the United States in the war in Vietnam" and that each plaintiff was declared "delinquent" for failing to have his SSS Form 2 and/or his SSS Form 110 in his possession, as required by 32 CFR §§ 1617.1, 1623.5. Thereupon, all of the plaintiffs except Barbero were reclassified I–A. It is to be noted that 32 CFR § 1642.12 provides in substance that one who has already rendered his military service may not be reclassified I–A without the specific authorization of the Director of Selective Service. The complaint alleges that the actions of the local draft boards in declaring all of the plaintiffs delinquent and in so reclassifying all but Barbero "are designed to, and will inevitably have the effect of penalizing the assertion of rights under the First Amendment to the Constitution of the United States" and otherwise violate the statutory and constitutional jurisdiction of the local boards.[1]

The plaintiffs have instituted this action before having been ordered to report for induction and without having exhausted any administrative remedies provided by the Act or the Regulations. They seek a declaratory judgment that the declarations of the plaintiffs as delinquents are null and void; that the re-classifications of five of the plaintiffs are null and void; that certain Regulations [2] promulgated by the President, on their face and as applied, violate the Constitution of the United States. The plaintiffs seek, further, an order enjoining the defendants from inducting them into the armed forces and from reclassifying them on the basis of their having returned their cards to their draft boards.

The Government has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for an order dismissing the complaint on the ground that the court lacks jurisdiction of the subject matter and the further ground that the complaint fails to state any claim upon which relief may be granted by the court. The Government contends that this court lacks jurisdiction because of section 10(b) (3) of the Military Selective Service Act of 1967, 50 App. U.S.C. § 460(b) (3) which provides as follows:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

---

1. Under 32 CFR § 1642.4 a registrant *may* be declared delinquent for failing to perform a required duty under the Selective Service laws. Under § 1642.12 a delinquent *may* be classified I–A. But § 1642.13 provides that a delinquent who is classified I–A *shall* be ordered to report for induction.

2. 32 CFR §§ 1602.4, 1642.1–.46 (relating to the declaration of a registrant delin-quent, the reclassification of delinquents and the induction of delinquents); 32 CFR § 1617.1 (relating to the requirement that a registrant must maintain his Registration Certificate in his personal possession); 32 CFR § 1623.5 (relating to the requirement that a registrant must maintain his current Notice of Classification in his personal possession).

The effect of section 10(b) (3) of the Act, as amended in 1967, upon the jurisdiction of a district court in a factual situation such as this, may be considered by the Supreme Court in Oestereich v. Selective Service Local Board No. 11 et al., 280 F.Supp. 78, (D.Wyo.), aff'd, 390 F.2d 100 (10th Cir. 1968), petition for certiorari, No. 1246, filed March 19, 1968. In that case the plaintiff was classified IV–D (divinity student), 32 CFR § 1622.43. He returned his registration or classification card to his draft board and was thereafter declared delinquent, classified I–A and ordered to report for induction. After an unsuccessful appeal to the Selective Service Appeal Board, he brought an action in the United States District Court for the District of Wyoming. The complaint is substantially similar to that in the instant case. The District Court held that it had no jurisdiction because of section 10(b) (3) of the Act; that it had no jurisdiction because the amount involved did not exceed $10,000, 28 U.S.C. § 1331; that the complaint failed to state a claim. When the judgment of the district court was affirmed by the Court of Appeals, the plaintiffs sought and obtained from Mr. Justice White an order, dated March 5, 1968, staying the "execution and enforcement of the judgment," the effect of which is unclear but which, apparently, has forestalled the induction of Oestereich while his petition for certiorari is pending. That order was signed on condition that Oestereich file a petition for certiorari within two weeks of the date of the order. Such a petition was filed March 19, 1968. The Solicitor General has filed a memorandum in opposition to the said petition in which he raises an issue of law not directly advanced by Oestereich (an issue of law which has not been raised by the plaintiffs in the instant case). He argues that, because Congress has specifically granted to divinity students an exemption from military training and service, 50 App. U.S.C. § 456(g), a local draft board has no power to terminate that exemption by administrative action contrary to the express terms of the Act. He also suggests a broader interpretation of section 10(b) (3) of the Act than that of the District Court of Wyoming and of the Court of Appeals of the Tenth Circuit, i. e., that where "an order is contrary to the terms of a statute" and not merely an abuse of judgment on the part of the local draft board, the district court should have jurisdiction. It would appear that the petition for certiorari will be granted in view of the fact that the Solicitor General, in his said memorandum, requests that the judgment in Oestereich be reversed on this ground and remanded for a hearing on the question of the requisite jurisdictional amount.

The court does not intimate whether or not the Solicitor General's position should prevail nor does it decide that, if that position does prevail, any of the plaintiffs herein would benefit therefrom. It is possible, however, that the Supreme Court may pass upon the question as to whether or not the returning of a draft card or a registration card comes within the constitutional right of freedom of speech; whether the delinquency provisions of the Regulations violate the due process clause of the Constitution; how section 10(b) (3) is to be interpreted in cases involving declarations of delinquency and reclassification.

In view of the present posture of Oestereich, the fundamental issues central to the administration of the Selective Service System, the powers of the federal judiciary and the constitutional rights of those subject to the Act, the court will defer its determination on the Government's motion until the Supreme Court has had an opportunity to consider the petition for a writ of certiorari in Oestereich and, conceivably, the issues raised. The decision to defer a determination of this motion, however, should not be construed to prejudice the rights of the plaintiffs to seek interlocutory relief from this court, upon additional facts, should they deem it necessary.