Michael J. ZIGMOND, Plaintiff, Movant,

v.

**SELECTIVE SERVICE LOCAL BOARD NO. 16 et al., Defendants, Movees.**

Misc. No. 262.

United States Court of Appeals
First Circuit.

May 17, 1968.

Joseph D. Steinfield and Robert H. Johnson, Boston, Mass., with whom Hill & Barlow, Boston, Mass., was on brief, for movant.

Edward F. Harrington, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for movees.

Before ALDRICH, Chief Judge, McENTEE AND COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner asks us to enjoin, pending appeal, an order for induction into the United States Army. He is 26 years old and is, concededly, properly classified 1–A by his local Selective Service Board, defendants herein. Until recently he has been deferred as a student. Because he is 26 he has since been, until the events in question, in a 1–A group which is not subject to induction until those under 26 and over 19 in his local area have been called. This is pursuant to Selective Service Regulations, and is not, as in a case upon which petitioner relies, a statutory deferment. 32 C.F.R. § 1631.7. Assumably, for present purposes, such exhaustion of local younger men has not occurred.

On November 16, 1967, petitioner attended a mass demonstration protesting the Vietnam conflict and "turned in" his registration certificate and notice of

classification, Selective Service System Forms 2 and 110, hereafter, collectively, draft card. When this came to the attention of his board, it designated him as a "delinquent," section 1602.4, for violation of sections 1617.1 and 1623.5 requiring him to have his draft card at all times in his possession. Under sections 1631.7 and 1642.13 delinquents are to be put at the head of the induction list. His board so placed him, as a result of which petitioner has now been ordered to report for induction. Prior to the date set he brought the present proceeding in the district court seeking to enjoin the defendants from continuing the effectiveness of this order, asserting violation of his First Amendment rights in that turning in his draft card was protected free speech or, alternatively, that the regulation requiring possession of his card is itself an unconstitutional requirement.

We pass, without further comment, a claim that petitioner is discriminated against in that, because of a certain directive from General Hershey, or otherwise, draft boards have classified protesting card surrenderers as delinquents but have not so classified those who are without their cards for other reasons. As to this nothing in the directive indicates that those whose wilful nonpossession was unconnected with protest were to be immune.

The present question is whether, prior to the hearing of his case on the merits, petitioner has made a sufficient showing, both as a matter of substance, and with respect to our jurisdiction, to warrant the issuance of a temporary restraining order. The district court thought not, for reasons set forth in an opinion dated May 9, 1968. 284 F.Supp. 732. Such an order is now asked of us.

So far as our jurisdiction to review the action of the board is concerned, Congress has in terms removed it. Except for his administrative remedies, of which, admittedly, petitioner presently has none, he asserts that his only recourse, under the statute, is to refuse induction and take his chances by resisting criminal prosecution.[1]

" * * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form * * *." 50 App. U.S.C. § 460(b) (3).

Petitioner says that this legislative deprivation of the court's jurisdiction is itself an unlawful abridgement of his constitutional rights.[2]

In this matter we see no absolutes. We start with the proposition, of which we entertain no substantial doubt, that the regulation requiring possession of a draft card is not unlawful. O'Brien v. United States, 1 Cir., 1967, 376 F.2d 538. Certiorari was granted in this case, 389 U.S. 814, 88 S.Ct. 61, 19 L.Ed.2d 65, but, we believe, for other reasons. Petitioner may feel that no great purpose is served by the regulation. This may be. But, correspondingly, no great burden is imposed, so long as consequences attach only to wilful noncompliance. We fail to see how petitioner's rights are infringed by a requirement that he carry a card to the degree that we must disregard a positive Congressional mandate.

1. Conceivably, petitioner may submit to induction and seek a writ of habeas corpus, a matter, however, we do not find necessary to consider.

2. Alternatively, petitioner says that in referring to "classification or processing,"

the statute does not cover the Board's present application of its regulations, but only certain other actions leading to induction. We ascribe no such unreasonable distinction to Congress.

■ Nor do we consider petitioner to be helped by his claim that surrendering his card was protected speech. As we pointed out in O'Brien v. United States, supra, although the overtones may not be separately punished they do not insulate the act itself. In citing Wolff v. Selective Service Local Board No. 16, 2 Cir., 1967, 372 F.2d 817, a case decided before the current statute restricting judicial review was enacted, petitioner overlooks the fact that all that petitioner did there was to exercise free speech. See discussion of case in 81 Harv.L. Rev. 685–690 (1968).

■ Nor are we moved by petitioner's citation of Kimball v. Selective Service Local Board No. 15, S.D.N.Y., 4/23/68, 283 F.Supp. 606, and the quotation from the brief of the Solicitor General urging reversal and a decision in the registrant's favor in Oestereich v. Selective Service System Local Board No. 11, 10 Cir., 1968, 390 F.2d 100. In those cases the registrant was, because of the public turning in of his draft card, not merely classified as a 1–A delinquent, but removed from a statutorily required 2–S deferment or 4–D exemption. Here the Board is merely taking away a limited postponement afforded to petitioner by its own regulations because he happened to be somewhat older than some other candidates, for wilful failure to observe another regulation. We are not unimpressed with the Selective Service view that the one more entitled to consideration is the one who complies with regulations. In any event, we cannot regard petitioner as one whose claim is of such a character that he is entitled to have his induction enjoined so that he may, contrary to the Congressional directive, test the propriety of the Board's action in the courts without having to run the risks involved in not reporting for induction. For relief pending appeal petitioner must show at least some likelihood of success, even though the loss of such relief may defeat the purpose of the suit. There is no general right to a declaratory judgment that proposed conduct is legal. Nor, we suggest, should petitioner, who apparently chose to engage in proscribed activity in order to emphasize the expression of his views, be surprised to find the court slow to respond to a contention that the proscription is invalid, and hence his supposedly significant gesture innocuous.

Petitioner, concededly, did turn in his draft card, an action we have held not immune to a regulation which we regard as neither vague nor overbroad. There is no "chilling effect" on protected activity. If even in a state court which denies due process a defendant may have to undergo trial before coming to the federal courts for relief, see City of Greenwood, Miss. v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed. 2d 944, we see no reason why Congress may not constitutionally deny a person in petitioner's position expedited equitable relief. Like other possible criminal violators, petitioner must take his chances. See Note, Declaratory Relief in the Criminal Law, 80 Harv.L.Rev. 1490 (1967). His claim that he could not "penally" be called for induction without affording him procedural safeguards must be raised later.

The stay granted by a single judge to May 20, 1968 pending our consideration of petitioner's motion will not be extended.