**John P. KIMBALL et al., Plaintiffs,**

**v.**

**SELECTIVE SERVICE LOCAL BOARD NO. 15, NEW YORK, New York, et al., Defendants.**

**No. 67 Civ. 4733.**

United States District Court
S. D. New York.

June 12, 1968.

See also D.C., 283 F.Supp. 606.

Paul G. Chevigny, Alan H. Levine, New York Civil Liberties Union, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., by Lawrence W. Schilling, Asst. U. S. Atty., New York City, for defendants.

MOTLEY, District Judge.

Memorandum Decision and Order on Motion for Preliminary Injunction

Plaintiff, Alexander Jack, is a full-time student at Boston University School of Theology. He, along with several other plaintiffs, brought this action seeking an adjudication that:

1) the declarations of plaintiffs as delinquents are null and void;

2) the reclassification of certain plaintiffs was null and void;

3) Selective Service Regulations §§ 1602.4, 1617.1, 1623.5 and 1642.1–1642.-46 violate the United States Constitution.[1]

Plaintiffs also seek a permanent injunction enjoining defendants from inducting plaintiffs into the Armed Services.

Plaintiff Jack turned in his notice of classification following an anti-Vietnam War protest demonstration in Boston, Massachusetts on October 16, 1967. Thereafter, on November 6, 1967, Jack's local draft board mailed to him a notice that it had declared him a delinquent. Subsequently, on May 27, 1968, Jack was ordered to report for induction on June 10, 1968.

On June 6, 1968, Jack moved for an order pursuant to Rule 65, Fed.R.Civ.P. staying his induction and for an order restraining his induction until the determination of this motion. Counsel for both parties appeared and after oral argument, the court orally restrained Jack's induction until the determination of his motion.[2] The motion was heard on June 10, 1968.

---

1. These regulations relate to declarations of delinquency, acts which may form the basis of a declaration of delinquency, and procedures with respect to delinquents in general.

2. Defendants agreed to accept an oral order because the court arrived at its decision late on June 6 and all court business was suspended on June 7, 1968 because of the death of Robert F. Kennedy, United States Senator from New York.

Although Jack is now a full-time divinity student, he has not sought to be reclassified IV–D. He was previously classified I–A. Because Jack was not present at the hearing of this motion and because defendants did not produce his file, it is not clear whether, before this motion, his draft board was aware of his entitlement to a clear statutory exemption from military service. 50 U.S.C. App. § 456(g).

The Supreme Court has granted certiorari in Oestereich v. Local Board No. 11, 280 F.Supp. 78 (D.Wyo. Feb. 6, 1968) aff'd 390 F.2d 100 (10th Cir. Feb. 21, 1968), cert. granted, 391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651 (May 20, 1968), a case in which a registrant who had been classified IV–D had his classification changed by his local board to I–A when he turned in his draft card following an anti-war demonstration.

The Supreme Court granted certiorari after the Solicitor General urged that the lower court decision be reversed on the ground that Oestereich's statutory exemption could not be affected by his turning in his draft card. The questions presented by petitioner Oestereich are much broader and involve many of the same issues as in this case—391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651 (May 20, 1968).

On the basis of *Oestereich,* Chief Judge Zavatt deferred determination of a government motion to dismiss similar complaints (but not by anyone classified I–A or IV–D) by plaintiffs who have turned in their draft cards. Linzer v. Local Board No. 64, 293 F.Supp. 772 (E.D.N.Y. April 29, 1968). Judge Zavatt stated:

It is possible, however, that the Supreme Court may pass upon the question as to whether or not the returning of a draft card or a registration card comes within the constitutional right of freedom of speech; whether the delinquency provisions of the Regulations violate the due process clause of the Constitution; how section 10(b) (3) is to be interpreted in cases involving declaration of delinquency and reclassification.

Judge Zavatt's decision was without "prejudice [to] the rights of the plaintiffs to seek interlocutory relief from this court, upon additional facts, should they deem it necessary." Id. at p. 775. None of the plaintiffs in that case had received induction notices.

Judge Tenney has stayed the induction of one of the plaintiffs in this case. That plaintiff had been reclassified I–A from II–S. Judge Tenney concluded that a student deferment should be treated the same as a statutory exemption. Kimball v. Selective Service Local Board No. 15, 283 F.Supp. 606 (S.D.N.Y. April 23, 1968).

The First Circuit refused to enjoin, pending appeal, the induction of a petitioner who was classified I–A, turned in his draft card, was declared delinquent, and ordered to report for induction. A stay had been granted by a single judge to May 20, 1968 pending that court's consideration of petitioner's motion. The First Circuit, in its decision on May 17, 1968, refused to extend that stay. Zigmond v. Local Board No. 16, 396 F.2d 290, (1st Cir. May 17, 1968) stay denied, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 851 (May 27, 1968). The First Circuit distinguished *Kimball* and *Oestereich* on the ground that the registrants in those cases were removed from statutorily required "deferments"; Id, 396 F.2d at p. 292; and that "for relief pending appeal petitioner must show at least some likelihood of success." Ibid.

The case before this court resembles, most closely, *Oestereich.* Petitioner here has, before induction made known his entitlement to exemption. Compare, United States v. Stafford, 389 F.2d 215 (2d Cir. 1968). This exemption is mandatory, not permissive. See, 50 U.S.C. App. § 456(g); 32 C.F.R. 1622.43(a). If Oestereich is successful on appeal, there is a good chance Jack will be successful. In any event, *Oestereich,* as Judge Zavatt noted, may decide many of the issues pending in this case.

But Jack may be irreparably harmed, and his case may be moot if the order of induction is not stayed. These same considerations dictated stays in *Kimball* and *Oestereich* and they do so here.

Therefore a preliminary injunction will issue, restraining defendants, or any of them, or their agents or employees, from inducting Jack into the armed forces until his complaint has been decided by this court. The defendants may, if they wish, move to vacate this injunction upon the Supreme Court's decision in *Oestereich*.