**David Foster HODGES, Plaintiff,**

v.

**Ramsey CLARK, Attorney General of the United States, et al., Defendants.**

**No. 49760.**

United States District Court
N. D. California.

Aug. 14, 1968.

Herzstein, Maier & Carey, San Francisco, Cal., for plaintiff.

Cecil F. Poole, United States Atty., San Francisco, Cal., for defendants.

### MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

The plaintiff has made an application for an order to show cause and a temporary restraining order. The Court refused to issue the temporary restraining order, but with the consent of the parties immediately held a hearing on the application for a preliminary injunction. The facts were admitted in the

affidavits attached to the complaint for injunctive relief. The Government interposed a motion to dismiss urging that this Court is without jurisdiction under the provisions of 50 App.U.S.C. § 460(b) (3). The plaintiff contends that this section is unconstitutional, but admits that if it is constitutional it does deprive the Court of jurisdiction.

There have been no decisions by the Supreme Court of the United States on the constitutionality of section 460(b) (3), and there are yet no decisions by the various Courts of Appeals on the constitutionality of this section. There are District Court decisions which hold both ways, that is, that the section is unconstitutional and that it is constitutional.

The following cases have held that § 460(b) (3) precludes judicial review by way of civil actions: Oestereich v. Selective Service Local Board No. 11, D.C., 280 F.Supp. 78, affd. 10 Cir., 390 F.2d 100, cert. granted May 20, 1968, 391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651; Breen v. Selective Service Local Board No. 16, 284 F.Supp. 749 (Conn.1968); National Student Association v. Hershey, Civil No. 3078–67 (D.C.1968); Carpenter v. Hendrix, 277 F.Supp. 660 (N.D.Ga.1967); Moskowitz v. Kindt, 273 F.Supp. 646 (E.D.Pa.1967); Pavloff v. Local Board Number 57, 288 F. Supp. 535 (N.D.Cal.1967), app. dis. for lack of prosecution, No. 22,327 (9th Cir. 1968); see also Shiffman v. Selective Service Local Board No. 5 (2nd Cir. 1968), stay of induction denied 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 849 (May 27, 1968); Zigmond v. Selective Service Local Board No. 16, 396 F.2d 290 (1st Cir. 1968), stay of induction denied, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 851 (May 27, 1968); Paulekas v. Clark, 291 F.Supp. 606 (N.D.Cal. 1968), stay of induction denied No. 23117 (9th Cir. 1968); Johnson v. Clark, 281 F.Supp. 112 (Ariz.1968).

The following cases have held the statute to be unconstitutional: Peterson v. Clark, 285 F.Supp. 693, 285 F. Supp. 700 (N.D.Cal., opinions of January 23, 1968, and May 28, 1968); and Gabriel v. Clark, 287 F.Supp. 369 (N.D. Cal.1968).

The Court is of the view that the statute is constitutional based upon the authorities cited, and therefore the motion for a preliminary injunction should be denied.

It is, therefore, ordered that the plaintiff's application for a preliminary injunction be, and the same is hereby denied, and that the action be, and the same is hereby dismissed.