Let an appropriate order be submitted.

MUHAMMAD ALI, also known as Cassius M. Clay, Jr., and Erastus X. Williams on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Edward T. BREATHITT, Jr., Governor of the Commonwealth of Kentucky et al., Defendants.

Civ. A. No. 5621.

United States District Court
W. D. Kentucky,
Louisville Division.

March 29, 1967.

---

Hayden C. Covington, New York City, Ernest Woodward, II, Louisville, Ky., for plaintiffs.

Ernest W. Rivers, U. S. Atty., Western Dist. of Kentucky, Louisville, Ky., Robert Matthews, Atty. Gen. of Kentucky, Frankfort, Ky., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES F. GORDON, District Judge.

This matter came on for hearing on March 29, 1967, upon plaintiffs' application for a three-judge court and plaintiffs' motion for a preliminary injunction. The Court having heard oral argument, and having examined the pleadings, affidavits, exhibits and memoranda of law filed by the parties, and being fully advised, hereby makes its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. This is an action for declaratory and related injunctive relief brought by "Muhammad Ali, also known as Cassius M. Clay, Jr." and another upon behalf of themselves and "all others similarly situated." Plaintiffs seek a declaration that Section 10(b) (3) of the Universal Military Training and Service Act, 50 App. U.S.C. § 460(b) (3), is unconstitutional on its face and as applied because of a "systematic exclusion" of Negroes from membership on local boards and appeal boards in the Commonwealth of Kentucky. Plaintiffs seek both preliminary and permanent mandatory ·injunctions directing the Governor of Kentucky to nominate Negroes for appointment to local draft boards and appeal boards in Kentucky in proportion to their ratio to the population within the jurisdiction of the respective boards. They also seek a preliminary and permanent injunction restraining all draft boards in the Commonwealth of Kentucky from performing their functions and operating as a part of the Selective Service System "until validly reconstituted" by the appointment of Negroes, and restraining any further classification and induction of Negroes until such reconstitution has been accomplished.

Plaintiffs have applied for the convocation of a three-judge court under 28 U.S.C. §§ 2282, 2284, and the plaintiff Clay seeks an injunction restraining his

induction into service pending this action.

2. Plaintiff Cassius M. Clay, Jr. is a selective service registrant with Local Board No. 47, Jefferson County, Louisville, Kentucky. On February 28, 1966, he submitted to his local board SSS 150, Special Form for Conscientious Objector, in which he requested a I–O classification. The local board denied this exemption and classified him 1–A. Since that time plaintiff Clay has pursued various administrative appeals through the Selective Service System, contending that he should either be classified as a conscientious objector (I–O) or as a "regular minister of religion" (IV–D).

3. On February 24, 1967, the National Director of Selective Service appealed Clay's 1–A classification to the National Selective Service Appeal Board. That Board, which consists of three members—one of whom is a Negro—, reviewed plaintiff's entire file *de novo* and classified Clay 1–A by a unanimous vote on March 3, 1967.

4. Upon a return of plaintiff Clay's file to Local Board No. 47, an order to report for induction was directed to him instructing him to report for induction on April 11, 1967. At his request his place of induction has been transferred to Houston, Texas where he· has been ordered to report for induction on April 28, 1967. There has been no showing that any other plaintiff has been ordered to report for induction.

5. No evidence has been submitted, and no contention has been made, that plaintiff Clay has been deprived of any right of appeal or other administrative procedure within the Selective Service System.

6. The plaintiff Clay has made no contention and has presented no evidence to support a contention that he has personally been singled out and subjected to punitive action or other discriminatory treatment at any level of the Selective Service System.

7. The actions of Local Board No. 47, the Appeal Boards and the National Selective Service Appeal Board have not operated to in any way infringe upon or inhibit plaintiffs' rights to free speech under the First Amendment to the United States Constitution.

8. No evidence has been submitted that plaintiffs would incur any injury as a result of induction into the armed forces other than the usual inconveniences incurred by all inductees.

From the foregoing, the Court concludes:

## CONCLUSIONS OF LAW

1. Inasmuch as none of the. plaintiffs to this action has completed the selective service process by complying with an order to report for induction, it cannot now be known whether they would be accepted for military service and the complaint does not at this time present a "substantial constitutional question" which has matured for decision. The issues raised in the complaint will not be appropriate for judicial review unless and until any of the plaintiffs presents himself at an Induction Station and either submits to induction or refuses to submit to induction. At such time any such plaintiff may raise the issues set forth in the complaint under habeas corpus or in defense to a criminal prosecution.

2. Because the complaint does not now present a substantial constitutional question, there is no need or occasion to convene a three-judge court under 28 U.S.C. §§ 2282, 2284.

3. For this same reason plaintiffs cannot now demonstrate either a reasonable probability that they will prevail upon the merits of their complaint or irreparable injury. Induction in the armed forces of the United States is not in and of itself tantamount to irreparable injury. Accordingly, plaintiffs are not entitled to a preliminary injunction restraining the enforcement and operation of the Selective Service System in the State of Kentucky, and the plaintiff Clay is not entitled to a preliminary injunction restraining his ·induction into the armed forces.

4. Except in rare circumstances not present here, it is not the function of the judiciary to enjoin or restrain the operation or enforcement of the Universal Military Training and Service Act, 50 App. U.S.C. § 451 et seq.

5. The plaintiff Clay is not entitled to a stay of his induction pending an appeal.