**MUHAMMAD ALI et al.**

v.

**John B. CONNALLY,** Governor of
Texas et al.

**Civ. A. No. 67–H–333.**

United States District Court
S. D. Texas,
Houston Division.

April 28, 1967.

Hayden C. Covington, New York City, and Quinnan H. Hodges, Houston, Tex., for plaintiffs.

Fred Drogula, Asst. Atty. Gen., of Washington, D. C.

Morton L. Susman, U. S. Atty., Carl Walker, Jr., Asst. U. S. Atty., Houston, Tex., for all Federal defendants.

Crawford Martin, Atty. Gen. of Texas and Hawthorne Phillips, Asst. Atty. Gen. of Texas, Austin, Tex., for all defendants other than Federal.

HANNAY, District Judge.

*Memorandum and Order
of Dismissal:*

I

In connection with the Plaintiff's Petition for Injunctive Relief against the Defendants in this case, it is fundamental that the Selective Service Act Title 50, Section 451 et seq. is and has been adjudicated constitutional and finds its basis in the emergency and war powers of Congress. It is also axiomatic as demonstrated by numerous Supreme Court decisions on the subject, that the scope of the Act does not provide for judicial review in the ordinary sense. The Orders of the Selective Service Board, after having

run the gamut of statutorily authorized examination and re-examination, must be deemed final although they may be erroneous. The Act does not provide for or authorize injunctive relief against the final order of the authorized and duly constituted Selective Service Board. Feldman v. Local Board No. 22, D.C., 239 F.Supp. 102; Watkins v. Rupert, 2 Cir., 224 F.2d 47, 48. The legal remedy for any wrongful action by the Board is not pre-induction injunctive order. The remedy provided for any allegedly aggrieved selectee can arise only after the final step toward military induction. This means simply that the selectee if he refuses the final step toward military induction must face the criminal sanctions and prosecution authorized by law therefor and his remedy lies in whatever defense he claims as against the action of the Selective Service Board. The second remedy available to the selectee is that of habeas corpus in the event that he does take the final step toward military induction while reserving the claim that the actions of the responsible administrative authorities are illegal, unconstitutional and void.

The foregoing principles are illustrated in and established by the following authorities: Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 543, 64 S.Ct. 737, 88 L.Ed. 917; Estep v. United States, 327 U.S. 114, 115, 66 S.Ct. 423, 90 L.Ed. 567; Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428.

## II.

█ It is to be noted in this particular case that the essential legal contentions brought forth here in behalf of the Petitioner Muhammad Ali are substantially and in legal contemplation the same as those advanced before the United States District Court in Kentucky. The claim for relief in the latter Court was rejected, and the ruling of said district court was affirmed alike by the United States Court of Appeals for the 6th Circuit in Cincinnati and finally by the United States Supreme Court. On the basis of the record brought forth to date, this is and must constitute a finding of fact. In light of the absence of jurisdiction by this Court to judicially review the final order of the Selective Service Board or Boards by way of the extra-ordinary remedy which the Petitioner Muhammad Ali here advances, the decision of the United States Supreme Court affirming the judgment of the Court of Appeals for the 6th Circuit and that of the United States District Court in Kentucky must be deemed res adjudicata and conclusive for the purposes of the issues that were therein litigated either expressly or by necessary implication.

█ Constitutional issues should not be considered and determined unless and until they are directly and inescapably presented.

In respect to the Texas administrative agencies and governmental authorities, this is not an issue which is either relevant or ripe for disposition. The classification of Petitioner Muhammad Ali was made and finalized in Kentucky and pursuant to the full federal judicial review granted said classification.

Nor does this Court feel at liberty to review the constitutionality of the Kentucky Selective Service System and its application in this case in light of the full federal judicial review granted to its selective service classification of Petitioner Muhammad Ali.

## III.

Instant case does, however, contain the unusual feature of Petitioner Muhammad Ali's eleventh hour transfer of legal residence from Kentucky to Texas. His reasons for this are his own; they are indeed open to conjecture but are not matters of necessary inquiry here. What may still be open to inquiry is whether he has received proper and legal consideration of his now strongly urged claim for ministerial exemption from military service.

The limits to this inquiry here and now are necessarily controlled by the emergency federal statute under which this Court has accepted jurisdiction and the extensive administro-judicial consideration heretofore extended to Petitioner Muhammad Ali.

■ The Court must presume, in light of the history of this case, that the now urged claim of ministerial exemption was either raised before and rejected by the Kentucky State agency or waived by Petitioner at the critical stages of that or those state proceedings.

■■ The Court must equally presume that the jurisdiction that attached to person and subject matter incident to the administro-judicial proceedings timely arising out of Kentucky was not destroyed by the subsequent transfer of state residency. The presumption likewise obtains that the transferee Selective Service Board in Texas is bound under general considerations of full faith and credit to the final state agency determination in Kentucky as sanctioned and affirmed by the federal judicial review to which it was subjected.

### IV.

■ The criteria that govern the ministerial exemption from military service are succinctly stated in the 5th Circuit case of Wood v. United States (March 3, 1967) 373 F.2d 894, wherein Circuit Judge Brown spoke for a unanimous Court:

"Under the statutory definitions, a minister is one who, ordained in accordance with the formalities required by his religious denomination, preaches and teaches its religious tenets as his regular and customary vocation, and not merely irregularly or incidentally. Most important the registrant bears the burden of clearly establishing a right to the exemption. * * * The Board has no affirmative duty to ascertain whether or not the registrant qualifies for the exemption. * * *"

" * * * review by the Courts is ordinarily limited to determining wheth-

er there is any basis in fact for the classification given. * * * Where the local Board has denied the claimed exemption, this Court has construed these cases to require that there be 'some proof that is incompatible with the registrants proof of exemption.' Wiggins v. United States, 5 Cir., 261 F.2d 113, 114. * * *"

The restrictive nature of the exemption and the burden of proof incumbent upon its claimant is clear.

In Fitts v. United States, 5 Cir., 334 F.2d 416, at 421, Circuit Judge Wisdom stated for a unanimous Court in denying the religious exemption in another Jehovah's Witness case:

"First, the registrant must have the ministry as a *vocation* rather than as an *avocation*. * * * conscientious objection must be decided wholly on the subjective state of the registrant's mind. The problem is different in deciding the ministerial exemption, where 'the issue is the nature of his activities' *and an objective determination can be made."* (Emphasis added throughout)

Black's Law Dictionary, 4th Edition, defines "vocation" as "One's regular calling or business." The word and legal concept "avocation" is defined therein as "a subordinate or occasional occupation". Both definitions cite Mutual Life Ins. Co. of New York v. Enecks, 41 Ga.App. 644, 154 S.E. 198, 199.

■ Of course, the relative remuneration between an applicant's secular work and his alleged religious ministry is not the determining criteria for entitlement to ministerial exemption. Fitts v. United States, supra.

### V.

1. Petitioner Muhammad Ali testified at length before this Court. His original name was Cassius M. (Marcellus) Clay, Jr. He was a native of Louisville, Kentucky and attended its public schools through and until his graduation from high school there. It is clear he was an accomplished amateur boxer at an early age. After winning a national am-

ateur championship in this country he equally and triumphantly represented it in the international Olympic games in Rome, Italy in 1960.

His subsequent entry into the ranks of professional pugilism was followed by immediate, continuous and remarkable success. This was climaxed by his winning the most significant version of the heavy weight championship of the world in early 1964; subsequent and successful encounters render him today the undisputed heavy weight champion of the world.

2. By contrast, from the discernable record, and by his own testimony, Petitioner Muhammad Ali's personal history before the national Selective Service System presents a story of a different sort.

It would appear that in the beginning he enjoyed and accepted exemption on the basis of some form of mental or intellectual deficiency—a classification, indeed, which stands in sharp contrast to the force and comprehension reflected by his lengthy testimony before this Court.

In the second instance, and at a later time, exemption was sought as a conscientious objector. The record would reflect that some favorable administrative consideration was given to this contention. The administrative finalization of this classification and/or his personal acceptance of it, however, is not resolvable from the proof that he brings forth.

Thirdly, at a later time, and as the selective service classification began to close in upon his civilian status, the claim of ministerial exemption from military service was urged.

The inconsistency in Petitioner's claims and/or basis for exemption is self-evident.

3. Great care was taken by the Court in examining Petitioner concerning his present claim for ministerial exemption and the entire religious and ministerial question was thoroughly examined.

## VI.

As pointed out by the United States Supreme Court in Witmer v. United States, supra, and reiterated by the 5th Circuit Court of Appeals in Wood v. United States, supra (page 898 of 373 F.2d) United States District Courts such as this Court should not purport to and cannot sit as:

" * * * super draft boards, substituting (our) judgments on the weight of the evidence for those of the designated agencies."

The test which this Court has jurisdiction to apply, presupposing now reviewable Board action, is clearly stated in Wood v. United States, supra (page 897):

"Where the local Board has denied the claimed exemption, this Court has construed these cases to require that there be 'some proof that is incompatible with the registrants proof of exemption'". Citing Wiggins v. United States, 5 Cir., 261 F.2d 113, 115.

## VII.

From the foregoing it follows, as a finding of fact and as a conclusion of law, that any Selective Service Board determination that Petitioner Muhammad Ali is not entitled to ministerial exemption cannot be, and will not be, disturbed by this Court.

For the reasons aforestated in this opinion, the Respondents' Motion to Dismiss is granted and Petitioners' prayer for injunctive relief is denied. This case is hereby dismissed with prejudice and Petitioners to pay costs.

The foregoing constitutes Findings of Fact and Conclusions of Law. This is and constitutes a final judgment.

The Clerk will notify counsel.