**David Bruce MOSKOWITZ**

**v.**

**J. Winston KINDT, Commander Edward O'Malley, Hon. Stanley Resor, and Hon. Robert MacNamara.**

**Civ. A. No. 43345.**

United States District Court
E. D. Pennsylvania.

Aug. 31, 1967.

Abraham J. Brem Levy, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Myrna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

This is a motion to dismiss the complaint of a twenty-year-old student who seeks a declaratory judgment and an injunction to prevent his induction into the United States armed forces.

Plaintiff was originally classified I-A-O on August 26, 1965, which qualified him as a "conscientious objector available for noncombatant military service only," 32 C.F.R. sec. 1622.11 (1967). After becoming a full-time student at Franklin and Marshall College, plaintiff was reclassified II-S, and hence deferred from military service, 32 C.F.R. sec. 1622.25 (1967). On January 24, 1967, plaintiff was requested to withdraw from Franklin and Marshall College; this he did without notifying his Local Board No. 106 of his change in status as required by 32 C.F.R. sec. 1625.1(b) (1967), as plaintiff had reason to know from the instructions in his Notice of Classification SSS Form 110 which was then in his possession.

Notification of plaintiff's withdrawal was received subsequently from the College by Local Board No. 106, which thereafter reclassified plaintiff I-A-O on March 21, 1967, notifying him of its action as required, 32 C.F.R. secs. 1625.-12, 1623.4 (1967). At this point plaintiff had ten days within which to file a written appeal pursuant to the regular Selective Service System appeals procedure, 32 C.F.R. secs. 1625.13, 1626 (1967). This he did not do, and, after passing his pre-induction physical, he was ordered on July 24, 1967 to report for induction as a noncombatant on August 15, 1967. It is this order that is the subject of the instant motion.

Shortly after his withdrawal from Franklin and Marshall plaintiff entered Temple University as a part-time student. After a provisional period of study he was accepted by Temple as a full-time student, to begin in the fall of 1967, notice of which was duly authenticated by the University and returned to Local Board No. 106 on August 10, 1967. It was during this period of part-time studies that plaintiff complains of being denied constitutional due process, both because of alleged advice from the Board clerk on March 21, 1967 to postpone his appeal from the I-A-O classification until plaintiff was certain of his acceptance to Temple University as a full-time student and by the alleged lack of cooperation of the appeal agent upon whom plaintiff called for advice.

■ Whether plaintiff's allegations have substantive merit is not properly before the court at this juncture. To be sure, the appeal agent is mandated by law to appeal any classification which, "in his opinion, should be reviewed by the appeal board," and to be "equally diligent in protecting the interests of the Government and the rights of the registrant in all matters," 32 C.F.R. sec. 1604.71(d) (1967). Nonetheless, it is well established by statute and judicial gloss that this court has no jurisdiction over plaintiff's complaint in its present posture.

■ The Universal Military Training and Service Act, in effect both when plaintiff was reclassified I-A-O and when he was ordered to report for induction, provides that the "decisions of [the] local board shall be final * * *" 50 App. U.S.C. sec. 460(b) (3) (1964). The Act, moreover, excludes itself in terms from the judicial review to which action by any administrative agency is normally subject, 50 App. U.S.C. sec. 463 (b) (1964). Compare Administrative Procedure Act sec. 10, 5 U.S.C. sec. 1009 (1964). The Supreme Court, interpreting the identical language of the 1940 Act, specified, in the landmark case of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946) that:

> The provision making the decisions of the local boards "final" means to us that Congress chose not to give administrative action under this Act the

customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. Id. at 112–123, 66 S.Ct. at 427.

This understanding has been affirmed without exception to date, e. g., United States v. Seeger, 380 U.S. 163, 185, 86 S.Ct. 322, 15 L.Ed.2d 342 (1965); Wolff v. Selective Service Local Board No. 16, 372 F.2d 817, 823 (2d Cir. 1967); United States v. Spiro, No.16073 (3d Cir. August 29, 1967); Muhammad Ali v. Connally, 266 F.Supp. 345, 346–347 (S.D.Tex.1967). In addition, the Military Selective Service Act of 1967, effective June 30, appears to have consciously written the *Estep* language into statutory law by adopting the House "restatement of the law as it exists today," 113 Cong.Rec. S8052 (daily ed. June 12, 1967) (summary of joint conference report) for the amendment to 50 App. U.S.C. sec. 460(b)(3) (1964):

> No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecution * * * *Provided:* That such review shall go to the question of the jurisdiction herein reserved to local boards * * * only when there is no basis in fact for the classification assigned to such registrant.

Pub.L. 90–40 sec. 8(c), 81 Stat. 104 (1967); see 113 Cong.Rec. H6284, H6888 (daily ed. May 25 & June 8, 1967).

■ Furthermore, a second and equally unbroken line of authority permits the court to assume jurisdiction to review draft board action only in two instances; namely: "either in a petition for habeas corpus or as a defense to prosecution for failure to submit to induction into the armed forces," Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 394, 99 L.Ed. 428 (1955); accord, United States v. Capson, 347 F.2d 959, 962 (1965); Goldstein v. MacNamara, C.A.No.42979, E.D.Pa., June 27, 1967, aff'd, No. 16,699, 3d Cir., July 5, 1967; Muhammad Ali, supra, 266 F.Supp. at 347. But see Wolff, supra, 372 F.2d at 825–826.

Together these restrictions on judicial inquiry into Selective Service System action make the range of review one that has been aptly termed "the narrowest known to the law." Blalock v. United States, 247 F.2d 615, 619 (4th Cir. 1957).

It may well seem offensive for a registrant, in a given meritorious case, to be forced to test the validity of an induction order by way of a defense to a criminal prosecution for resisting induction or by way of petition for a writ of habeas corpus once he is inducted; adverse criticism from the law journals is not lacking, e. g., Estep, supra, 327 U.S. at 129–132, 66 S.Ct. 423 (Murphy, J., concurring); Comment, 114 U.Pa.L.Rev. 1014, 1018, 1023, 1048–49 (1966); Comment, 76 Yale L.J. 160, 172–73, 190–191 (1966). Nonetheless, both the statutory and the common law to date unite in authorizing jurisdiction to review Selective Service action solely in these ways.

Although the 1967 amendment speaks of review as available only "as a defense a criminal prosecution * * *" Pub. L. 90–40 sec. 8(c), 81 Stat. 104 (1967), it is at least open to question whether a statute could constitutionally preclude a challenge to a draft classification properly raised on habeas corpus. Cf. U.S. Const. art. I sec. 9 cl. 2; Estep, supra, 327 U.S. at 125, 132, 66 S.Ct. 423 (Murphy & Rutledge, JJ., concurring); H. Hart & H. Wechsler, the Federal Courts and the Federal System 317–19, 323–325 (1953).

In any event, since the instant controversy comes before the court neither upon petition for a writ of habeas corpus by a registrant already inducted into

the armed services nor as a defense to a criminal prosecution by a registrant resisting induction, the court has no jurisdiction to entertain the matter. Cf. *Feldman v. Local Board No. 22 of Selective Service System*, 239 F.Supp. 102 (D.C.1964).

### ORDER

AND NOW, August 31, 1967, defendant's motion to dismiss complaint for lack of jurisdiction over the subject matter is hereby granted.

It is so ordered.