**David Bruce MOSKOWITZ, Appellant,**

v.

**J. Winston KINDT, Commander Edward O'Malley, Honorable Stanley Resor and Honorable Robert MacNamara.**

**No. 16907.**

United States Court of Appeals Third Circuit.

Argued April 18, 1968.

Decided May 13, 1968.

**649**

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

David Moskowitz appeals from the dismissal below of his complaint for declaratory and injunctive relief on the grounds of lack of jurisdiction over the subject matter. Moskowitz v. Kindt, 273 F.Supp. 646 (D.C.E.D.Pa.1967).

Appellant was originally classified 1–A–O by his Selective Service Local Board on August 26, 1965. Thereafter, he entered Franklin and Marshall College as a fulltime student and was reclassified 2–S by his local board. Appellant completed three semesters at Franklin and Marshall but was requested to withdraw on January 24, 1967 because of his low grades. After withdrawing he applied for admission to Temple University on February 6, 1967, but was told that he could not be accepted as a fulltime student until he demonstrated his ability to attain higher grades. He was admitted, however, as a parttime student with the understanding that if he passed his courses with a "B" average, he would be accepted as a fulltime student in September, 1967.

Moskowitz never notified his local board of his withdrawal from Franklin and Marshall. The board received this information from the college and on March 17, 1967, it reclassified appellant 1–A–O. Upon receiving his reclassification, appellant went to his local board to inform it of his conditional acceptance at Temple University. He alleges that he requested permission to file an appeal but was told to wait until he received the results of his studies at Temple.

Appellant continued his studies at Temple and in July, 1967 was notified by his board that he was to be inducted into the Armed Forces in August. Prior to the date of his induction, Moskowitz was informed that he had successfully completed his courses at Temple and would be accepted as a fulltime student starting in September, 1967. Temple of-

Abraham J. Brem Levy, Philadelphia, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellees.

ficially notified the local board of this fact and appellant requested a 2–S classification. Appellant's local board told him he would have to apply to Harrisburg since his induction orders had already been issued. Appellant contacted Harrisburg and his request was denied. He then sought the assistance of an appeal agent and was referred to Daniel Rothman, Esq. After reviewing appellant's file, Mr. Rothman advised him that there were no grounds on which to appeal and that he should prepare himself for induction. Thereafter, appellant filed his complaint in the court below seeking to stay his induction.

Without doubt the District Court's action in dismissing appellant's complaint was correct. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567 (1946); Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944); United States v. Rumsa, 212 F. 2d 927 (7 Cir. 1954), cert. denied 348 U. S. 838, 75 S.Ct. 36, 99 L.Ed. 661 (1954); Muhammad Ali v. Connally, 266 F.Supp. 345 (D.C.S.D.Tex.1967). In Estep, supra, the Supreme Court discussing the finality provisions governing the decisions of local draft boards stated:

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612." Estep v. United States, supra, 327 U.S. at page 122, 66 S.Ct. at page 427.

From the record before us we are unable to conclude that there is no basis in fact for the classification appellant received after withdrawing from Franklin and Marshall. Furthermore, appellant failed to exhaust his administrative remedies because he did not appeal the reclassification he received on March 17, 1967. Appellant's explanation for this failure is that he was told not to appeal by someone in the office of his local draft board. It is significant, however, that at the hearing before the District Court, appellant failed to produce the person he alleges gave him this advice. This unsupported allegation does not rise to a due process violation.

Appellant's relief, if he is entitled to any, cannot be obtained in an action for a declaratory judgment and injunction. United States v. Rumsa, supra, 212 F.2d at page 938. Relief could only be obtained after appellant was either indicted for refusing to be inducted or by way of habeas corpus after induction. As the case was presented to the District Court, it is clear that it had no jurisdiction.

Appellant argues that Wolff v. Selective Service Local Board No. 16, 372 F. 2d 817 (2 Cir. 1967) should operate here to enable this Court to grant relief at this juncture. In that case the registrants were fulltime students at the University of Michigan and were properly classified 2–S. They were reclassified by their local draft boards because of their participation in a demonstration protesting American involvement in Vietnam. Because of the chilling effect the local board's action would have on appellant's constitutional rights, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Second Circuit concluded that subject matter jurisdiction was present.

"Here it is the free expression of view on issues of critical current national importance that is jeopardized. On such topics perhaps 'more than any other, it is imperative that the public debate be full and that each segment of our society be permitted freely to express its views. Thus the allegations of the complaint in this case that the draft boards have unlawfully suppressed criticism must take precedence

over the policy of non-intervention in the affairs of the Selective Service." Wolff v. Selective Service Local Board No. 16, supra, 372 F.2d at page 822.

The foregoing clearly distinguishes Wolff from the appeal presently before this Court.

The judgment of the District Court will be affirmed.