Jaime Luis **COSTAS ELENA**, Plaintiff,

v.

**The PRESIDENT OF the UNITED STATES et al.**, Defendants.

No. 62–68.

United States District Court
D. Puerto Rico.

June 12, 1968.

Priscila Curet-Cuevas, Rio Piedras, P. R., for plaintiff.

Francisco A. Gil., U. S. Dist. Atty., Blas C. Herrero, Asst. U. S.. Dist. Atty., San Juan, Puerto Rico, for defendants.

## ORDER

FERNANDEZ-BADILLO, District Judge.

On January 25, 1968, the plaintiff filed a complaint seeking a temporary restraining order and seeking further injunctive relief by enjoining the defendants and their agents from inducting the plaintiff into the Armed Forces of the United States. At the time that the complaint was filed the plaintiff had already received an order for induction from his local board at Ponce, Puerto Rico. A temporary restraining order was issued by this Court on January 26, 1968. On February 12, 1968, the United States filed a motion to dissolve the temporary restraining order on the basis that this Court lacks jurisdiction to entertain the relief prayed for. On February 26, the plaintiff filed an amended complaint and a memorandum in opposition to the motion to dissolve the temporary restraining order. The United States filed its own Reply Memorandum on March 1, 1968. Oral arguments having been duly heard by this Court, this Court emits the following order:

Having reviewed all aspects of this case both as to the law and as to the facts, the motion of the United States of America to dissolve the temporary restraining

order and to dismiss the complaint is hereby granted on the basis that this Court lacks jurisdiction to grant the relief sought.

Public Law 90–40, Section 8(c), 81 Stat. 100, provides:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction. * * *.

■ This provision was intended to codify a long line of cases which had held Selective Service classifications and processing reviewable only as a defense to a criminal prosecution for failure to submit to induction, or by *habeas corpus* after induction. Falbo v. United States, 320 U.S. 549, 552–554, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 115–116, 66 S.Ct. 423, 90 L.Ed. 567; Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428; Tamarkin v. Selective Service System, Local Board No. 47, 243 F.2d 108 (5th Cir.); United States v. Rumsa, 212 F.2d 927, 937–938 (7th Cir.); Watkins v. Rupert, 224 F.2d 47, 48 (2d Cir.); Muhammad Ali v. Connally, 266 F.Supp. 345 (S.D.Tex.); Muhammad Ali v. Breathitt, 268 F.Supp. 63 (W.D.Ky.). It was intended to prevent "litigious interruption of the process of selection which Congress created." Falbo v. United States, supra, 320 U.S. at 554, 64 S.Ct. at 349. For cases in which the new act has been applied and injunctive relief denied see Moskowitz v. Kindt, 273 F.Supp. 646 (E.D.Pa.1967), appeal pending; Carpenter v. Hendrix, 277 F.Supp. 660 (N.D.Ga.1967); Breen v. Selective Service Local Bd. No. 16, 284 F.Supp. 749 (D.Conn. 1968).

■ Plaintiff attempts to avoid the force of this clear rule, first by asserting that he challenges neither his classification nor processing. This contention is utterly baseless. Plaintiff specifically complains that he should not have been classified as 1-A because of his physical condition. He also specifically complains that his processing was erroneous in that the Selective Service Board did not give him a chance for a hearing on his allegations of physical unfitness. Plaintiff's complaint is not an abstract one. It has to do directly with his processing and classification. If he were not processed in the way he complains of and not classified 1-A, he would not be before this Court now. Indeed, a prior case cited above, Tamarkin v. Selective Service System, supra, has already dealt with this point. Plaintiff there had also alleged that he was physically unfit, and the Fifth Circuit held that he had no right to injunctive relief but had to assert his contentions by either criminal defense or *habeas corpus*.

Plaintiff also cites Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967), in an attempt to justify the equitable intervention of this Court into the induction process. *Wolff*, however, was clearly overruled by Public Law 90–40, as the following excerpts from the legislative history of that Act plainly demonstrate. The House Committee Report states as follows:

> The committee was disturbed by the apparent inclination of some courts to review the classification action of local or appeal boards before the registrant had exhausted his administrative remedies. Existing law quite clearly precludes such a judicial review until after a registrant has been ordered to report for induction and has responded either affirmatively or negatively to such an order. In view of this inclination of the courts to prematurely inquire into the classification action of local boards, the committee has rewritten this provision of the law so as to more clearly enunciate this principle. The committee was prompted to take this action since continued disregard of this principle of the law by various courts could seriously affect the administration of the Selective Service System. (H.Rept.No. 267,

90th Cong., 1st Sess., pp. 30–31), U.S. Code Cong. & Admin. News 1967, p. 1333.

The Senate Committee Report is equally clear:

This provision was enacted in recognition that if litigious interruption of military manpower procurement is to be avoided, a registrant should be required to exhaust his administrative remedies and to present himself for induction or assignment to civilian work as a conscientious objector before any judicial determination of the legality of a classification. As this provision has been interpreted by the Supreme Court, the scope of judicial review is limited to a determination of whether the registrant classification is supported by any factual basis contained in the file considered by the local board or appeal agency at the time the classification being challenged was assigned. A registrant who presents himself for induction may challenge his classification by seeking a writ of habeas corpus after his induction. If the registrant does not submit to induction, he may raise as a defense to a criminal prosecution the issue of the illegality of the classification.

Until recently, there was no problem in the observance of the finality provision. In several recent cases, however, District Courts have been brought into selective service processing prematurely. The committee attaches much importance to the finality provisions and reemphasizes the original intent that official review of classifications should not occur until after the registrant's administrative remedies have been exhausted and the registrant presents himself for induc-

tion. (S.Rept.No. 209, 90th Cong., 1st Sess., p. 10).

The timing of the passage of this provision, coming as it did right after *Wolff* was decided, leaves no doubt but that that was one of the cases which Congress wished to disapprove. Moreover, *Wolff* involved an assertion of violation of First Amendment rights, and relied on a Supreme Court case, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, which indicated a special preference for only those rights. Dombrowski, of course, had nothing whatsoever to do with Selective Service matters and had no effect on prior Supreme Court holdings that post-induction judicial review was constitutionally adequate. Falbo v. United States, supra; Witmer v. United States, supra.

The *Wolff* decision is further inapplicable since the Court there was merely holding that the local boards acted without jurisdiction. The *Wolff* court held that the acts of the local boards went beyond the scope of their function by attempting to use the classification process in a disciplinary function.

The Court in *Wolff* said:

"What we hold in this case is that it is not the function of local boards in the Selective Service System to punish these registrants by reclassifying them 1-A because they protested as they did over the Government's involvement in Vietnam." Wolff v. Selective Service, Local Board No. 16, 372 F.2d 817, 822 (2nd Cir. 1967).

Therefore, other statements made in the *Wolff* decision is dictum and not binding.

Accordingly, and for the foregoing reasons, the temporary restraining order is hereby dissolved and the action is dismissed.