**Lansing E. CRANE and Arthur L. Bowen, Plaintiffs,**

v.

**Lewis B. HERSHEY, Director of Selective Service, et al., Defendants.**

**Civ. A. No. 69–156–C.**

United States District Court
D. Massachusetts.

March 3, 1969.

John G. S. Flym, Foley, Hoag & Eliot, Boston, Mass., for plaintiffs.

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiffs, second year law school students at the Boston University School of Law, seek declaratory relief and an order in the nature of mandamus against defendants Lewis B. Hershey, National Director of Selective Service, William Carr, State Director of Selective Service, Massachusetts Local Boards No. 42 and No. 125, and the individ.al members of both Boards. Jurisdiction of this court is invoked upon the basis of 28 U.S.C.A. §§ 1331, 1361, and 2201.

The complaint contains prayers requesting a temporary restraining order and a preliminary injunction restraining defendants from inducting plaintiffs into the armed services, a permanent injunction to that effect, a prayer for an order in the nature of mandamus directing the Local Boards to re-classify plaintiffs from I–A to I–S, and for an order declaring this to be a class action on behalf of similarly situated graduate students, coupled with an order rescinding Local Board Memo No. 87 issued by defendant Hershey.

By agreement of counsel the matter came before the court upon the complaint, defendants' motion to dismiss, memoranda of law submitted by counsel for plaintiffs and counsel for defendants, copies of certain relevant court decisions, and the Selective Service files of plaintiffs.

The papers on file establish that both plaintiffs received Bachelor's degrees in

June of 1967 and thereafter were granted II–S deferments for their first year of graduate study as law school students. Both plaintiffs were re-classified I–A during their second year of law school and ordered to report for induction. They filed the instant suit resisting induction on the claim that they have an absolute statutory right to a I–S classification in that they did not receive undergraduate II–S deferments pursuant to the provisions of the Military Selective Service Act of 1967 but, rather, received their deferments pursuant to the terms of the 1951 Selective Service Act. Defendants filed a motion to dismiss, on the basis of Section 10(b) (3) of the Military Selective Service Act of 1967, 50 App. U.S.C.A. 460(b) (3), which provides in pertinent part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title (section 462 of 50 U.S.C. App.), after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

■ Plaintiffs, in opposing the motion to dismiss, argue that this court is not without jurisdiction despite the provisions of Section 460(b) (3) by reason of the ruling of the Supreme Court in its recent decision in Oestereich v. Selective Service System Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, Dec. 16, 1968. It is clear from a reading of both *Oestereich, supra,* and of Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 decided the same day as *Oestereich,* that *Oestereich* carves out an extremely limited exception to the normal operation of Section 460(b) (3). *Oestereich,* in substance, holds that 460(b) (3) does not oust a district court of its jurisdiction to entertain a case *only* where a draft board has acted in a manner which can be characterized as "basically lawless," "blatantly lawless," and in "clear departure" from its "statutory mandate." Oestereich v. Selective Service System Board No. 11, *supra,* 89 S.Ct. at 416.

■■ Oestereich was a divinity student unconditionally entitled to a statutory *exemption* from military service. The plaintiffs herein do not claim to be entitled to a statutory *exemption* but, rather, claim the existence of a statutory right to *deferment.* However, that right to *deferment* is not automatic or self-executing, and its existence is to be determined and applied only as a result of administrative action on the part of the Local Board. Plaintiffs' alleged right to *deferment* is not remotely as clear-cut as was Oestereich's right to a statutory *exemption.* In fact, it might be observed in passing that counsel for plaintiffs in attempting to demonstrate the existence of this alleged right to deferment, has filed a 10-page complaint with exhibits thereto, and a 19-page memorandum of law which, in turn, has generated a 25-page memorandum of law from counsel for defendants. A close examination of those 54 pages of legal documentation leaves the existence of the claimed right to deferment anything but clear. More importantly, they leave plaintiffs' status as the product of some administrative action and discretion which, of course, cannot be characterized in any sense as being "blatantly lawless" or constituting a clear departure from a statutory mandate. Rather, the instant record reflects that the Local Board defendants herein have made a "determination of fact and an exercise of judgment." Clark v. Gabriel, *supra,* 89 S.Ct. at 426.

Consequently, the instant case falls not under the provisions of *Oestereich, supra,* but, rather, under the provisions of Clark v. Gabriel, *supra.* A somewhat similar case has been disposed of ad-

versely to the plaintiffs in Kaplish and Dixon v. Hershey, 69 Civ. 82, U.S.D.C., N.D.Ohio, E. Div., Feb. 7, 1969, and, more authoritatively, a second ruling adverse to plaintiffs was handed down by the Court of Appeals for the Eighth Circuit in Kolden v. Selective Service Local Board No. 4, 406 F.2d 631, Feb. 6, 1969. The Court of Appeals for the Eighth Circuit stated, in pertinent part:

"Section 6(h) makes a distinction between deferments for undergraduate students and those for graduate students. The statute *requires* the President to provide for undergraduate deferments except in time of necessity, but only *authorizes* him to do so for graduate students. * * * Thus it is apparent that § 6(h) (1), when considered in relation to § 6(h) (2), to which it logically refers, clearly reveals that Congress has made graduate deferments rest upon the discretion of the local boards. * * *"

For the above reasons I rule that the instant case falls within the normal operation of Section 460(b) (3) and that this court lacks jurisdiction to grant any of the various types of relief requested, and that the motion to dismiss should be allowed.

Against the possibility of appellate action, wherein an appellate court might become concerned with this court's views on the merits, I rule that if, contrary to the preceding ruling, this court does in fact have jurisdiction, that on the merits plaintiffs are not entitled to the relief requested. I base this ruling on the reasoning of the Court of Appeals for the Eighth Circuit in *Kolden, supra,* which directs that Section 456(h) and Section 456(i) must be read and construed together, and for the further reason that plaintiffs herein in any event are precluded from a right to any deferment because they come within both the second and third exceptions to Section 456(i) (2). See, also, Rosenfield v. Selective Service System, U.S.D.C., W.D. Pa., Civil Action 69–156, Feb. 13, 1969. Contra Armendariz v. Hershey, U.S.D.C., W.D.Texas, 295 F.Supp. 1351, Feb. 5, 1969; Carey v. Local Board #2, U.S. D.C., D.Conn., 297 F.Supp. 252, Feb. 13, 1969.

An order dismissing the complaint has been filed herein.