Matthew Jeremiah GREEN, Jr.

v.

Lewis B. HERSHEY, Director of Selective Service, et al.

Civ. A. No. 63-69-N.

United States District Court
E. D. Virginia,
Norfolk Division.
March 12, 1969.

Victor J. Ashe, Norfolk, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The instant case involves not a plaintiff asking to avoid military service, but one who is a full time student engaged in graduate study seeking judicial redress on his local draft board's refusal to grant him what he contends is the mandate of Congress, i. e. that he be deferred from service until the expiration of his current school year. This case arises as a companion case to Robert Saunders Evans v. Lewis B. Hershey, etc. et al., Civil Action No. 69-C-5-L now pending in the Western District of Virginia. The cases were heard simultaneously and there is factually little distinction between the two. A finding in the instant case, in the Court's opinion, controls the finding in the *Evans* case.

While the evidence in this case is lacking as to the precise date of the expiration of the current school year, in argument the month of June was referred to, and in the *Evans* case it was uncontradicted that the school year terminated in June since it is obvious that the practical relief sought is that which would result in a deferment for approximately ninety days from this date.

While it is of no legal significance, the Court is not unaware of the procedural difficulties that would be placed in the path of the defendants should either of the plaintiffs have chosen a less honorable course and refused to be inducted. The trial of persons choosing such a course more often than not, even when resulting in a finding of guilt, encompasses a time period of much greater duration than that which is involved in the plaintiff's instant quest.

The facts as stipulated in this case are adopted by the Court as its findings of fact.

If this Court has the authority to review the plaintiff's classification, it must in reaching both the initial and ultimate determination look to the teachings of a series of recent cases involving the question of judicial review in the face of the statutory preclusion contained in § 10 (b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3). These cases have ranged from complaints seeking declaratory judgments, injunctions and damages, to the instant

case and its companion case in which plaintiff seeks a judicial ruling:

(a) That Local Board Memorandum 987 and 32 CFR 1622.15 are null and void;

(b) That an order should be issued to the Director of Selective Service to promulgate a memorandum to local boards directing them to grant I–S deferments to persons similarly situate to plaintiff; and

(c) That a permanent injunction should be issued

Stripped of its legalistic phraseology, plaintiff's plea is for an order directing his local draft board to grant him a Class I–S deferment to the end that he might finish the current academic year.

The Court has come to the reluctant conclusion that it is without jurisdiction to grant plaintiff the relief sought, or for that matter even to judicially review plaintiff's classification. Admittedly, before coming to this conclusion the Court had sought to construe the judicial interpretations given § 10(b) (3) so as to afford it the authority to grant the relief sought.

The matter being one of first impression in this circuit so far as the Court knows, the Court is without benefit of a determination by its Court of Appeals.

As heretofore stated, however, there are recent decisions involving varying degrees of similarity to the instant case and its companion. In the case of Oestereich v. Selective Service, etc., Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, the Supreme Court while stating that § 10(b) (3) admittedly cannot sustain a literal reading, ordered the District Court to grant a pre-induction judicial review subject to the petitioner in that case demonstrating that he met the jurisdictional requirements of 28 U.S.C. § 1331. In both this case and the Evans case, the Court concluding that it is precluded from acting makes no factual findings in reference to 28 U.S.C. § 1331.

Section 10(b) (3) of the Military Selective Service Act of 1967, provides that there shall be no pre-induction judicial review "of the classification or processing of any registrant," and this section has consistently been interpreted as limiting judicial review to a defense in a criminal prosecution, or, as conceded by all, to habeas corpus after induction; and now by virtue of the recent opinion in Oestereich, supra, to those cases involving persons whose exemption is both plain and unequivocal—any erosion of the literal meaning of § 10(b) (3) must be limited to those situations in which a literal interpretation would do violence to a clear mandate of the Congress, as described in Oestereich.

Mr. Justice Douglas in writing for the Court leaves little doubt but that it was not that Court's intention to impair the prohibition of § 10(b) (3) in the normal operation of the Act.

A study of Oestereich points out with clarity that the Supreme Court was addressing itself to a situation where not only was the petitioner's alleged exemption plain and unequivocal, but was in no manner contested.

However, in this Court's opinion, such is not our instant case or its companion case, although it should be noted that were the respective plaintiffs in the cases before this Court seeking relief from certain of the Court's fellow judges outside of this Circuit whose opinions in reasonably analogous cases differ with this Court, each might well fare better. See Armendariz v. Hershey, 295 F.Supp. 1351, arising in the Western District of Texas; the cases of Gray v. Hershey (1969) and Quintanille v. Hershey (1969), also from Texas. Each of the aforementioned accepted jurisdiction and, in essence, ruled in each case that the respective plaintiffs had a statutory right to a I–S deferment. See also, Carey v. Local Board #2, District of Connecticut, 297 F.Supp. 252 (Feb. 13, 1969).

Among courts finding a lack of jurisdiction is the Second Circuit Court of Appeals in Breen v. Selective Service Local Board #16 et al. 406 F.2d 636 (Jan. 10, 1969), a case wherein the plaintiff, Breen, holding a II–S (student deferment), was declared a delinquent by his

local board and reclassified I–A. The matter, while in a different context than the instant case, is persuasive in the Court's mind by reason of the fact that it, like *Oestereich*, involved the applicability and validity of § 10(b) (3).

As Circuit Judge Friendly, quoting Mr. Justice Douglas, stated, "It takes the extreme case where the Board can be said to flout the law, as it did in *Oestereich* * * * to give preinduction review of its actions."

See also, Kaplish and Dixon v. Hershey, from the Northern District of Ohio (69 CIV 82); see also, Kolden v. Selective Service Local Board, from the Eighth Circuit, 406 F.2d 631, each holding to the effect that where deferments rest on administrative grace in the first instance, a review by the court is limited to a criminal prosecution or a habeas corpus proceeding.

The Court in *Kolden, supra,* held what this Court considers the more sound view, to the effect that the Congress has not seen fit to *require* deferment for graduate students as it has for undergraduates. See § 6(h), 50 U.S.C. App. § 456 (h), which distinguishes between undergraduates and graduates. Undergraduate deferments are *required,* while graduate deferments are merely authorized.

The plaintiff herein, prior to his being placed in Class I–A, held a II–S deferment which expired in September 1968; and in the companion case of *Evans,* plaintiff held a II–S classification from 1964 to June of 1968.

Much doubt exists as to the viability of the respective contentions by reason of the Court's opinion that both plaintiffs' graduate school deferments arose by virtue of their respective draft board's grace, as authorized by 32 C.F.R. 1622.26 (b) which, in part, provided "Any registrant enrolled for his first year of postbaccalaureate study in a graduate school or professional school on October 1, 1967, * * * may be placed in Class II–S * * * *"; —in short, a matter of discretion on the part of the draft board.

Even if the Court is in error in this regard, it cannot in good conscience find that the case of either plaintiff represents one where their claimed exemption or defrement is both "plain and unequivocal" a class of case which might under certain circumstances, as described in *Oestereich, supra,* permit the Court to engage in a pre-induction review. Each of the plaintiffs, may, indeed, be entitled to the classification they seek, and this Court does not hold that they are not so entitled, but does hold that any such contention must be asserted in the manner limited by Congress; a course which would, unfortunately, result in irreparable damage to each. Regrettably, this Court is without authority to grant their patently modest requests.

For the reasons assigned, each of the cases will be dismissed.