**Charles Joseph Cuney GABRIEL, Plaintiff,**

**v.**

**Ramsey CLARK, etc., et al., Defendants.**

**Civ. No. 49419.**

United States District Court
N. D. California.

June 28, 1968.

Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for respondent.

## ORDER FOR PRELIMINARY INJUNCTION

GEORGE B. HARRIS, Chief Judge.

This cause coming on to be heard on June 27, 1968, on the motion of plaintiff for a preliminary injunction; and due notice having been given to the defendants; and the Court having considered the verified complaint of the plaintiff and the exhibits attached thereto, and the memorandum of points and authorities in support thereof, all filed herein by plaintiff on June 14, 1968; and the Court having further considered the "Return to Order to Show Cause and Memorandum of Points and Authorities" filed herein by the defendants on June 24, 1968; and the Court having further considered the affidavit in support of preliminary injunction filed herein by plaintiff on June 27, 1968; and the Court having further considered the arguments of counsel; and the Court being fully advised in the premises, the Court finds:

(1) That it has jurisdiction to issue a preliminary injunction as prayed for herein for the reasons set forth in the Opinion of the Honorable Alfonso J. Zirpoli, a Judge of this Court, in the case of Petersen v. Clark [285 F.Supp. 700;

(2) That plaintiff claims he is, by reason of religious training and belief, conscientiously opposed to participation in war in any form; if so, he is not required to be subject to combatant training and service in the Armed Forces of the United States;

(3) That, from the evidence submitted to the Court in the form of the exhibits attached to plaintiff's verified complaint, there is a substantial likelihood of plaintiff's ultimate success on the merits of his aforesaid claim;

(4) That the defendants hereinafter named have refused to classify plaintiff as a conscientious objector and have issued an order to plaintiff to report for induction into the Armed Forces of the United States on July 24, 1968;

(5) That unless enjoined and restrained by this Court, the defendants hereinafter named and their agents, servants, employees and persons in active concert and participation with them will cause or attempt to cause plaintiff to be inducted into the Armed Forces of the United States before plaintiff has an opportunity to litigate, or this Court has an opportunity to pass upon, the ultimate merits of plaintiff's claim;

(6) That plaintiff will suffer irreparable injury if he is ordered to report for induction at any time pending the determination of his claim by this Court.

Therefore, it is ordered, adjudged and decreed that, pending the further order of this Court, Lewis B. Hershey, Director of Selective Service of the United

States, Carlos C. Ogden, Director of Selective Service of the State of California; E. A. Mansfield, Wesley Johansen, S. Bruce Scidmore, Herman Mathis and Fred Bird, Members of Local Board No. 47, Alameda County, Selective Service System, and each of them, and their agents, servants, employees, and persons in active concert and participation with them be, and they are and each of them is, hereby, restrained and enjoined

(A) From placing into effect or giving any effect to the order issued on June 21, 1968, to plaintiff to report for induction into the Armed Forces of the United States on July 24, 1968;

(B) From issuing to plaintiff any other order or any orders of any kind or nature whatsoever directing, ordering, requiring or in any wise compelling plaintiff to report for induction into the Armed Forces of the United States; and

(C) From taking any action inconsistent with this Order.

It is further ordered, adjudge and decreed that this order shall be effective forthwith.

It is further ordered, adjudged and decreed that plaintiff shall file his bond with personal sureties to be approved by the Court in the sum of $250, conditioned upon the payment of such costs and damages as may be incurred or suffered by any party who is found to be unlawfully enjoined or estrained.

## MEMORANDUM SUPPLEMENTAL TO ORDER FOR PRELIMINARY INJUNCTION

 This court has jurisdiction to issue a preliminary injunction as prayed for herein for the reason that although Section 10(b) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 460(b) (3)) on its face purports to limit judicial review of the classification or processing of registrants to a defense to a criminal prosecution, said statute if so construed and applied in this case would offend due process since judicial review cannot be conditioned upon the risk of incurring a substantial criminal penalty or complying with an invalid order (See Petersen v. Clark, D.C.N.D.Calif. Civ. No. 47888, May 28, 1968, 285 F.Supp. 700.

The Court is constrained to the concept that the supremacy of law demands that the plaintiff herein is entitled to, and should be afforded, an opportunity to have some court decide whether an erroneous rule of law was applied, and whether the proceeding in which the facts were adjudicated was conducted regularly. The review provided within the context of the aforesaid section results in constitutional infirmities under elemental concepts of due process and judicial fairness.

The statutory formula thus provided presents a tortuous judicial adventure for the inductee. He must pass the threshhold of civil inquiry and responsibility and cross into the hazards of a criminal prosecution, with all its concomitant penalties, in order to present his contentions on "judicial review" of the alleged illegal or erroneous classification.

The limited and circumscribed review afforded in a criminal proceeding results in no review at all. It necessarily ascribes to plaintiff the essential elements and ingredients of criminal conduct, by the very act of his seeking an orderly review of the draft board classification.

Thus, "willfullness" is in legal effect, shifted to plaintiff once he fails to respond "affirmatively" to the induction order, yet, that is the only method provided in attacking the validity of the order for induction, as well as the legality of the classification.