Marc **PAULEKAS**, Plaintiff,

v.

Ramsey **CLARK**, Attorney General of the United States, et al., Defendants.

David Quinn **CAVAGNERO**, Plaintiff,

v.

Ramsey **CLARK**, Attorney General of the United States, et al., Defendants.

Civ. Nos. 49617, 49623.

United States District Court
N. D. California.

July 30, 1968.

Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., Howard Engelskirchen, San Francisco, Cal., for plaintiff Marc Paulekas.

Howard Engelskirchen, Howard C. Anawalt, San Francisco, Cal., for plaintiff David Quinn Cavagnero.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING PRELIMINARY INJUNCTIONS AND DISMISSING ACTIONS

LLOYD H. BURKE, District Judge.

This matter came regularly on before the Court on July 26, 1968 on the plaintiffs' motions for preliminary injunctions and defendants' motion to dismiss.

Both plaintiffs were ordered to report for induction by their Selective Service System Local Boards, Paulekas on July 18, 1968 and Cavagnero on July 17, 1968. Paulekas' reporting date has been postponed to August 7, 1968 and the Court was informed at the hearing on July 26, 1968 that Cavagnero's reporting date would be similarly postponed to allow plaintiffs an opportunity to file appeals, in light of the Court's decision herein.

The respective plaintiffs brought these actions to review their classifications of I–A by defendant members of plaintiffs' respective Local Boards and Appeal Boards. Plaintiffs both allege that they were entitled to I–O classifications and allege that their classifications of I–A were without basis in fact and further allege that their Local Boards and Appeal Boards denied them procedural due process of law in processing and classifying them. Plaintiffs pray for declaratory and injunctive relief which would, in essence, set aside their outstanding orders to report for induction as well as their I–A classifications, and enjoin the defendants from ordering plaintiffs to report for induction and/or from causing plaintiffs to be prosecuted for violations of 50 App.U.S.C. § 462. Both plaintiffs filed motions for preliminary injunctions seeking interim relief pending final determination of their claims.

Defendants filed a motion to dismiss in *Paulekas*, Civil No. 49617, which motion was set for hearing together with plaintiff's motion for preliminary injunction, on July 26, 1968, pursuant to

stipulation of counsel, which stipulation was approved by the Court.

Upon the motion of counsel for plaintiff in *Cavagnero*, Civil No. 49623, and with the stipulation of the attorneys for Paulekas and the attorneys for defendants, the Court ordered these cases consolidated for hearing on the present motions and further ordered that the motion to dismiss and memorandum filed by defendants in *Paulekas* shall be deemed filed in *Cavagnero* without further notice or filing.

In that posture these motions were heard on July 26, 1968. Norman Leonard, Esq. and Benjamin O. Andersen, Esq. appeared on behalf of plaintiff Paulekas and Howard Engelskirchen, Esq. appeared on behalf of plaintiff Cavagnero. Cecil F. Poole, United States Attorney for the Northern District of California by Jerry K. Cimmet, Assistant United States Attorney appeared on behalf of the defendants.

Defendants' motion to dismiss is based on 50 App.U.S.C. § 460(b) (3), which provides, in pertinent part, as follows:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: * * * "

■ The statute clearly applies to the present cases, since these actions specifically seek judicial review of classification and processing of registrants by local boards and appeal boards.

Plaintiffs do not contest the applicability of § 460(b) (3), but rather allege that § 460(b) (3) is unconstitutional in that it deprives them of due process of law under the Fifth Amendment, citing recent decisions in this District in Petersen v. Clark, 291 F.Supp. 949 (N.D.Cal. 1968) and Gabriel v. Clark, 287 F.Supp. 369 (N.D.Cal.1968). (Notice of Appeal to the Supreme Court was filed by the defendants in *Gabriel* on July 29, 1968).

Defendants have cited numerous decisions in other districts and circuits which have held that § 460(b) (3) does preclude judicial review by way of civil actions and is constitutional. Among such decisions are: Oestereich v. Selective Service System Local Board No. 16, D.C., 280 F.Supp. 78, aff. 10 Cir., 390 F.2d 100, cert. grant. 391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651, May 20, 1968; Breen v. Selective Service Local Board No. 16, 284 F.Supp. 749 (Conn.1968); Carpenter v. Hendrix, 277 F.Supp. 660 (N.D.Ga.1967); Moskowitz v. Kindt, 273 F.Supp. 646 (E.D.Pa.1967), aff. 394 F.2d 648 (3 Cir. 1968); see also Shiffman v. Selective Service Local Board No. 5 (2 Cir. 1968), stay of induction denied 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 849, May 27, 1968; Zigmon v. Selective Service Local Board No. 16, 396 F.2d 290 (1 Cir. 1968), stay of induction denied 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 851, May 27, 1968.

Defendants further argued that the state of the law prior to the amendment to § 460(b) (3) of June 30, 1967 was essentially the same as provided by the statute, but in any case, § 460(b) (3), when viewed in light of the power of Congress enumerated in the Constitution, Article I, § 8 clauses 12, 18 and in light of Congress' power to regulate the jurisdiction of the district courts, is not unconstitutional.

The Court is mindful of the opinions expressed in Petersen v. Clark, supra, and Gabriel v. Clark, supra; and while the Court may agree with the view that civil judicial review of Selective Service orders may be desirable, the law is otherwise. 50 App.U.S.C. § 460(b) (3). Moreover the decisions of the Supreme Court in Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); and Falbo v. United States,

320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944), unequivocally held that no judicial review at all was available unless and until a registrant exhausted all administrative remedies, including reporting for induction, being found acceptable, and refusing to submit; or to submit and seek a writ of habeas corpus. The opinions indicate that no civil judicial review was available, except, of course, by way of habeas corpus proceedings after induction. Thus it appears that there was no entitlement to civil judicial review even prior to the 1967 amendment to § 460(b) (3).

▮ Furthermore, Congress does in fact have the power to regulate the jurisdiction of the district courts and, in the exercise of its enumerated Constitutional power to raise armies, it has the power "to make all laws necessary and proper to that end." See United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672, May 27, 1968. This Court believes that § 460(b) (3) is such a necessary and proper law. See Falbo v. United States, supra. The fact that judicial review of a registrant's claim is deferred until after the registrant submits or refuses to submit to induction, and then only as a defense to a criminal action, or by way of habeas corpus, does not constitute a denial of due process of law under the Fifth Amendment, when viewed in the context of the "broad and sweeping" power of Congress to raise armies. See United States v. O'Brien, supra; and Falbo v. United States, supra.

Accordingly, with due respect to the opinions of the judges of this Court, as expressed in *Petersen* and *Gabriel,* the Court concludes that whether or not a registrant may seek judicial review of classification of processing by Selective Service by way of a civil action, is a decision which is within the power of Congress to make. Said decision has been made by the amendment to 50 App. U.S.C. § 460(b) (3) of June 30, 1967 and the Court concludes that 50 App. U.S.C. § 460(b) (3) is constitutional and bars the present actions.

The Court, having determined that it lacks jurisdiction over the subject matter of these cases, must deny plaintiffs' motions for preliminary injunctions, but the Court expresses no opinion as to the merits of plaintiffs' claims. Since the factual allegations of the complaints must be deemed admitted for the purpose of the motion to dismiss, and since the Court concludes that it lacks subject matter jurisdiction, no further findings of fact and conclusions of law are necessary other than as stated in this opinion.

Accordingly,

It is hereby ordered that plaintiffs' motions for preliminary injunctions be and hereby are denied;

It is further ordered that defendants' motion to dismiss be and hereby is granted;

It is further ordered that the complaints in these consolidated actions and the actions be and hereby are dismissed in their entirety.