438 F.2d 345
 Dick RHEINGANS, Plaintiff-Appellant,
v.
John N. MITCHELL,* etc., et al., Defendants-Appellees.
*We have substituted John N. Mitchell, present Attorney
General, for RamseyClark, pursuant to Rule
25(d)(1) Fed. Rules of Civil Procedure.
 No. 24269.
 United States Court of Appeals, Ninth Circuit.
 Feb. 5, 1971, Rehearing Denied March 5, 1971.
 
 John E. Thorne (argued), of Thorne, Stanton, Clopton, Herz, Stanek & Steinberg, San Jose, Cal., for appellant.
 Brian Denton (argued), Asst. U.S. Atty., James L. Browning, Jr., Jerry K. Cimmet, Asst. U.S. Atty., San Francisco., Cal., for appellees.
 Before CHAMBERS, ELY and CARTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case raises the question as to whether a Selective Service registrant classified I-O may bring a civil action prior to compliance with an order to report for civilian work in lieu of induction, to compel his Board to reopen and classify him in Class III-A.
 
 
 2
 Appellant sought declaratory and injunctive relief. He had been classified I-O but had applied to his local board for a hardship deferment, (class III-A) by reason of the asserted dependency upon him of his parents and other relatives. The board refused to reopen and reclassify plaintiff, and after appellant was ordered to report for civilian work he brought a civil action to review his claim.
 
 
 3
 The district court, relying upon district court decisions in Petersen v. Clark (N.D.Cal.1968) 285 F.Supp. 700 and Gabriel v. Clark (N.D.Cal.1968) 287 F.Supp. 369, entered a preliminary injunction enjoining the enforcement of the order to report for civilian work. Following the reversal by the Supreme Court of the district court decision in Gabriel, Clark v. Gabriel (1968) 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, the government moved to dismiss pursuant to 50 % U.s.c. a/pp. 460(b)(3). The district court granted the motion and dismissed the action. It refused to continue the injunction pending an appeal.
 
 
 4
 Clark v. Gabriel (1968) 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 and Oestereich v. Selective Service System Local Bd. (1968) 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, were decided the same day by the Supreme Court. Clark discussed Oestereich and pointed out, 'In Oestereich the delinquency procedure by which the registrant was reclassified was without statutory basis and in conflict with petitioner's rights explicitly established by the statute and not dependent upon an act of judgment by the board. * * * Here, (in Clark), by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment.' (393 U.S. p. 258, 87 S.Ct. p. 426).
 
 
 5
 Breen v. Selective Service Local Bd. (1970) 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, relied on Oestereich and does not even cite Clark. In reversing the Second Circuit, the opinion points out that the Court of Appeals 'felt that the reference in 6(h)(1) to 'such rules and regulations as (the President) may prescribe' was an indication that Congress authorized revocation of student deferments for violations of the delinquency regulations. 406 F.2d, at 638. That conclusion must be rejected for several reasons.' (p. 464, 90 S.Ct. p. 664).
 
 
 6
 True, the opinion rejects any distinction between statutory 'exemptions' and statutory 'deferments.' Id. p. 466, 90 S.Ct. 661. But the majority opinion, note 8 (at p. 465, 90 S.Ct. 661) and two of the concurring opinions (pp. 469-470, 90 S.Ct. 661) cite Gutknecht v. United States (1970) 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532, which holds that delinquency inductions are unauthorized by statute. Breen is a case involving delinquency inductions in the line of Oestereich and Gutknecht but not of Clark.
 
 
 7
 Petersen v. Clark (N.D.Cal.1968) 285 F.Supp. 700, relied on originally by the district Court, was reversed in Petersen v. Clark (9 Cir. 1969) 411 F.2d 1217.
 
 
 8
 Accordingly, the court below was correct in dismissing the action. Appellant must submit to the order of the Board and then raise his contention by habeas corpus or raise it by defense in a criminal action, if he is prosecuted for failure to report. Bookout v. Thomas (9 Cir. 1970) 430 F.2d 1343.
 
 
 9
 In either of such proceedings, appellant will have available the contention that the material in the selective service file was sufficient to establish a basis in fact, i.e. a prima facie case, for his dependency and hardship claim (III-A). It this was established, the local board was required to reopen. Petrie v. United States (9 Cir. 1969 en banc) 407 F.2d 267, 274.
 
 
 10
 The judgment is affirmed.